FERRIS *against* FERRIS:

Ferris
*v.*
Ferris.

IN ERROR.

In a petition for divorce, by the wife, on the ground of corporal imbecility in the husband, it is necessary to shew a permanent and incurable impotency to consummate the marriage.

The term *corporal imbecility* does not, *ex vi termini*, import such impotency.

Therefore, where the petitioner averred, that her husband, at the time of their intermarriage, was, and ever since has been, and now is labouring under a corporal imbecility; it was held, that this was not a sufficient ground of divorce.

An averment, in such petition, that the petitioner was induced to enter into the marriage from the false and fraudulent representations of the respondent, without shewing what those representations were, is insufficient as a ground of divorce.

So, an averment, in such petition, that the respondent had never had, or attempted to have, sexual intercourse with the petitioner, although they had, for several weeks, slept together in the same bed, is insufficient; this being a mere statement of evidence, and not an allegation of the fact of impotency.

THIS was a petition for a divorce, brought by *Sarah Ferris,* against her husband *Abel Ferris.*

The petition stated, that on the 26th of *February* 1828, she was lawfully married to the respondent; that she was induced to enter into such marriage from the false and fraudulent representations of the respondent, from which she was made to believe, that he was a sound man, and wholly competent to the performance of all the duties of a husband; yet that, at the time of said intermarriage, the respondent was, ever since has been, and still is, labouring under a corporal imbecility, and never has had, or attempted to have, sexual intercourse with the petitioner, although they have, for several weeks, lodged together in the same bed.

The court found the facts stated in the petition to be true, and passed a decree of divorce. To reverse that decree, the respondent brought the present writ of error, assigning for error the insufficiency of the petition.

*Hawley,* for the plaintiff in error, contended, That the petition shewed no cause for a divorce.

In the first place, it does not shew what the representations

were; nor that they were of such a nature as to mislead the petitioner.

Secondly, it does not state under what imbecility the plaintiff laboured; nor that it was not of a temporary kind.

Thirdly, it does not appear from the petition, that the petitioner was unable to have sexual intercourse with the respondent; nor that it was his fault, that he had in fact no such intercourse with her.

*Sherman* and *S. H. Minor*, for the defendant in error.

Bissell, J. The defendant in error preferred her petition to the superior court, for a divorce; and the only question, arising upon this writ of error, regards the sufficiency of the petition. In deciding this question, the allegations regarding the fraudulent representations of the husband, can have no influence. It is not stated what those representations were; and that any were made, is rather matter of inference, than of positive averment.

Equally to be disregarded, is the averment respecting the absence of all sexual intercourse between the parties. The mere fact is stated, without any allegation as to the cause. It is a mere statement of the evidence, which might go, indeed, to support the principal fact stated in the petition.

Nor is it any answer to this writ of error, to say, that it being after judgment, every reasonable intendment ought to be made in support of the judgment. The court below found the facts stated in the petition to be true. The finding is, of course, confined to those facts; and necessarily precludes the finding of any other than those stated.

We are, therefore, brought to the single enquiry, whether the only ground for a divorce stated in the petition be sufficient to sustain the decree. The averment is this: " That at the time of their intermarriage, the said *Abel* was, ever since has been, and now is, labouring under a corporal imbecility." Does the term " *corporal imbecility*," as here used, *ex vi termini*, import a confirmed and incurable impotency to consummate the marriage? To me, it seems not necessarily to import any such thing. This is mentioned by *Blackstone*, as one of the causes, which may be supervenient. 1 *Bla. Comm.* 440. And *Christian*, in a note, remarks: " Corporal imbecility may arise after the marriage, which will not then vacate the marriage, because

*Fairfield,*
June, 1830.

Ferris
*v.*
Ferris.

*Fairfield,*
June, 1830.

Ferris
*v*
Ferris.

there was no fraud in the original contract." 1 *Bla. Comm.* 440. note 12.   Here he clearly recognizes this as a cause which may be supervenient, and as clearly rejects the idea, that the term *corporal imbecility* has a precise, technical meaning, and absolutely imports a natural, permanent and incurable impotency.   Such imbecility may be temporary merely ; and in such a sense does the term seem to be used in the petition before us.   The averment is, that the respondent was "*labouring under a corporal imbecility.*"   There is not only no intimation, that the imbecility is permanent and incurable ; but the expressions used strongly imply, that it is only temporary.   Such, in my judgment, is the plain and obvious import of the language ; and there surely can be no pretence, that this is a cause for a divorce.

It is, however, said, that the precise language of the law is adopted, and that *corporal imbecility* is mentioned in the books, as one of the causes of divorce.   This argument proceeds on the ground, that the term has a precise, technical meaning ; and if that has been shown not to be true, the argument of course fails.   Besides, it is not sufficient that the language of the law is adopted.   Adultery is a cause of divorce ; but it is not enough to state, that the respondent had committed adultery.   *Church* v. *Church,* 3 *Mass. Rep.* 157.   *Choate* v. *Choate,* 3 *Mass. Rep.* 391.

I would not intimate, that the record need contain grossly indelicate statements.   But surely, enough should be stated to enable the court to see that the case demands their interference.   This, in my opinion, is not done, in the present case.

The judgment of the superior court must, in my opinion, be reversed.

The other Judges (PETERS, J. *dubitante*) were of the same opinion.

Judgment reversed.