## MOORE et al v. HUBBARD et als.

4    187
e142 669

1. Where a partnership for the purchase and sale of lands existed between H. and four other persons of the first part, M. of the second part, and D. of the third part, upon a bill filed by H. in his own name against M. and D. for a settlement of the partnership accounts, alledging that he had purchased the interest of his associates and making them defendants to the bill, M. and D. having denied all knowledge of this purchase and requiring proof of the fact—Held, that the answer of the associates of H. could not be read in evidence against M. and D. to prove the right of H. to sue in his own name.
2. A final decree, confirming the report of the Master ascertaining the amount due and awarding execution thereon is sufficiently certain.

APPEAL from the Chancery Court at Talladega.

This was a bill in Chancery, filed by David Hubbard against the plaintiffs in error. The bill charges that some time in the year 1839, the complainant, together with one M. Gilchrist, M. Tarver, G. K. Hubbard and J. Sutherland, as one party, formed a co-partnership and association with William Moore and Jesse Duren for the purpose of purchasing Indian reservations of the lands ceded to the United States by the Creek tribe of Indians, with a view to make a profit by the re-sale of the lands thus purchased. That an article of agreement was executed between the parties on the 6th February, 1834, by which it was expressly stipulated by complainant, for himself and his associates, and by Moore and Duren, that the said three parties were to be interested in equal proportions in all the lands

which had been or might thereafter be purchased by said Duren from Indians within the ceded territory, except Duren's interest in two tracts previously purchased by him, and which are designated—that the money for the purchase of the lands was to be furnished by complainant and his associates and Moore in equal portions, and that all lands so purchased were to be resold within four months after the purchase and the proceeds of the sales first applied to the discharge of the claim of the party who had furnished the purchase money, and the residue divided into three equal portions among the contracting parties—that Moore should keep a true account of all purchases and sales, and be responsible for all money advanced to Duren by complainant and his associates, and it was admitted by Moore in the agreement, that fifteen hundred dollars had been advanced by complainant and his associates, which was to be refunded out of the first sales made of the lands purchased under the agreement which is exhibited.

The bill charges that before and since the execution of the agreement many tracts of land were purchased by Duren for and on account of the concern, which complainant cannot describe, because Moore has never furnished an account of the purchases and sales made under the agreement, but from information and belief charges certain tracts to have been thus purchased which are described, and among which is one thus described : " Also the west half of section sixteen, in township fifteen, range six east, in the Coosa land district, which was bought by the said Duren, from an Indian named *Fixit Hadjo,* for the benefit and with the funds of your orator and his associates,"—and that these lands have been sold by Moore and Duren at large profits.

The bill further charges that the complainant and his associates furnished at different times to Duren, for the purchase of lands under the agreement, various sums of money, amounting in all to the sum of three thousand and eighty dollars—that complainant has purchased the entire interest of Gilchrist, Tarver, G. K. Hubbard and Sutherland, in the aforesaid land and sales, and all things arising thereon, and is now the entire owner of the interest originally belonging to the parties of the first part in the agreement.

The bill charges that Moore and Duren fraudulently conceal

the facts relating to the purchase and sale of lands under the agreement—that the partnership terminated at least twelve months before the filing of the bill, and that since that time, as well as before, Moore and Duren have been using the funds and refuse to settle.

The prayer of the bill is that G. K. Hubbard, Tarver, Gilchrist and Sutherland, as also Moore and Duren, be made defendants to the bill, that the latter be compelled to account, &c.

The defendants, Moore and Duren, answer the bill and admit the execution of the agreement set out in the bill, and both insist that the fifteen hundred dollars mentioned in the agreement was intended as a loan to Duren, and that Moore was to be the surety of Duren, for the repayment of that sum, and no further. The defendant, Moore, insists that he has paid to Hubbard the fifteen hundred dollars advanced to Duren by an interest in another land company. Most of the allegations of the bill are denied—and in particular they deny all knowledge of the fact of the transfer of the interest of the associates of Hubbard to him—and as to all the allegations of the bill not admitted, call for proof.

Sutherland and Gilchrist being shown to be non-residents, publication was made, and a decree pro confesso taken against them.

Tarver and G. K. Hubbard answer the bill, and admit the sale of their interest to Hubbard—the answer of the former having been made in the State of Mississippi, without a commission, and sworn to, before one calling himself Judge of Probate of Tippah county, Mississippi.

A reference was made to the Master, to ascertain and report—

First—What lands were purchased under the agreement of partnership?

Second—What sums of money were advanced to make said purchases, and by whom?

Third—What part of the sums so advanced has been paid?

Fourth—What tracts of land so purchased have been sold, to whom, for what price, and who has received the proceeds?

Fifth—What part, if any, of the sum of fifteen hundred dollars

advanced by Hubbard to Duren has been refunded—how paid and out of what fund?

The Master to state an account in a tabular form, so as to present the final result in figures.

The Master stated an account, in which he ascertained that the defendants were indebted to the complainant $4,108 31.

Numerous exceptions were taken to this report, which need not be noticed here, as they sufficiently appear from the opinion of the Court.

The Court overruled the exceptions, except as to one item of four hundred dollars. The report was recommitted for correction, which being corrected by the Register he reported the amount due $3,473 65, and the Chancellor thereupon rendered his decree in these words: " The within report being heard and considered, it is ordered and decreed that the same be confirmed, and that complainant have execution for the sum reported according to the principles of the decree rendered during the present sitting of this Court—and it is further ordered that the defendants, Moore and Duren, pay the costs of this Court."

From this decree the defendants prosecute this appeal, and assign for error—

1. In rendering a decree for complainant.

2. In allowing him interest.

3. In sustaining his alledged purchase from his associates.

4. In overruling the exceptions to the Master's report.

5. In admitting the answers of G. K. Hubbard and Tarver, and in proceeding without a regular judgment, pro confesso, as to Gilchrist and Sutherland.

6. In not sustaining the demurrer to the bill.

7. The bill is multifarious.

8. In decreeing to complainant the entire interest of his associates.

9. There is no sufficient decree.

Silas Parsons and Rice, for plaintiffs in error, made the following points:

That the bill must be dismissed because the complainant has not proved his right to maintain this action in his own name, which is not admitted, but distinctly put in issue by the answers. That the admissions of the other defendants, his for-

mer partners, of the fact, are not evidence against them—that the answer of one defendant is not evidence against a co-defendant.

That the fifteen hundred dollars mentioned in the article of agreement was a loan to Duren individually, and not a sum of money to be invested in lands for the benefit of all the parties.

That the bill is multifarious.

That the reference to the Master did not authorize him to compute interest.

That the decree is uncertain and inconclusive.

Mr. Chilton, contra. The only plausible objection to the decree is, that there is no proof that Hubbard had before the filing of the bill acquired the interest of his associates. He insisted that the rule that the answer of one defendant was not evidence against another, did not apply in this case because of the nature of the interest. That the associates of Hubbard were parties to the bill, and that as it regarded Moore and Duren, the decree would operate as an estoppel. He cited Smith's Ch. Pr. 1, 340; Philips Ev. 361; 9 Cowan, 747; 11 Pick. 331; 9th Porter, 79, 93; 4 ib. 245; 1 Dall. 64; 4 John. Rep. 461; 10 Serg. and Rawle, 268.

ORMOND, J.—The object of this bill is to have an account of the transactions of a partnership for the purchase and sale of Indian reservations in the Creek Nation, formed between the complainant and certain persons styled his associates of the first part, W. H. Moore of the second and Jesse Duren of the third part, the terms of which partnership were reduced to writing. The money for the purchase of the lands was to be furnished by the complainant and his associates, and Moore, the land to be purchased by Duren, and the profits which might arise from a re-sale, after refunding the money advanced, to be divided in three equal parts between complainant and his associates, Moore and Duren.

The complainant alledges in his bill that he has become the owner of the entire interest of himself and his associates, by a purchase from them, and they are made defendants to the bill. Moore and Duren in answer to this allegation of the bill, say

they have no knowledge of the fact, and call for proof. Two of the former partners of the complainant answer the bill, and admit that they have sold and transferred their interest in the partnership to him. The other two are non-residents, against whom publication was made, and decrees pro confesso taken.

His Honor the Chancellor held these admissions proof of the fact that the complainant had acquired the entire interest of himself and his former partners. He considered that it was a mere disclaimer of their interest, and that as they were parties to the bill, the decree would operate as an estoppel.

As it is shown by the bill that four other persons were originally equally concerned with the complainant in the money sought to be recovered by the bill, they should have been joined with him in the suit as complainants, to obviate which it is alledged in the bill that the complainant had by purchase from them acquired their entire interest. As this fact was denied by the answer of the two defendants, who are sought to be charged by the bill, it was incumbent on the complainant to prove it. This he attempts to do by the admissions of his former partners, who were made defendants.

It is well established as the general rule in Chancery, that the answer of one defendant cannot be read in evidence against a co-defendant. The exception is where there is an identity of interest, as where all the defendants are partners in the same transaction, [Clark's adm'r v. Van Riemsdyk, 9th Cranch, 153,] or where the defendant whose answer is read, and the defendant sought to be charged, are privies in estate. [Osborne v. The Bank of the United States, 9th Wheaton, 738; Gresly Eq. Ev. 322.] Other exceptions may exist to the rule, but these are sufficient to show the reason of the rule itself. In this case none of the reasons exist which would authorize these defendants to charge Moore and Duren by an admission.

The Chancellor does not appear to have considered the evidence afforded by the answers thus offered against Moore and Duren as establishing facts as evidence against them, but as mere proof of a disclaimer of interest, on the part of these defendants, in favor of the complainant. It is true that such is their effect as between them and the complainant, but they are used for another purpose; they are the only evidence of the right

of the complainant to sue in his own name, which, as his right thus to institute the suit was controverted by those defendants whom he sought to charge, it was incumbent on him to prove. It is therefore the plain case of the answer of one defendant read as evidence against a co-defendant, as between whom there is neither privity of estate nor community of interest, and viewed in this light the answers were clearly inadmissible as evidence against the other defendants.

Nor indeed could the answers operate against the other defendants even as evidence of a disclaimer of interest, as is shown by the case of Hill v. Adams, 2 Atkins, 39.

In all other respects the decree of the Chancellor appears to be correct. The position assumed by the counsel for the defendants in error, that the fifteen hundred dollars mentioned in the articles of agreement entered into between the parties, was a loan to Duren individually, and not a part of the capital stock to be invested in the purchase of lands, has no foundation. It is impossible to doubt, taking the whole agreement into consideration, that this money was advanced for the purposes contemplated by the articles of agreement, and was not intended as a mere gratification to Duren.

The objection to the allowance of interest is put upon the ground that there was no reference by the Chancellor to the Master for that purpose.

It is true, the Chancellor does not in express terms direct the Master to compute the interest on moneys in the hands of the defendants. He did however require the Master to ascertain and furnish the *data* by which it was to be ascertained, "and to state the accounts between the parties in a tabular form, so as to present the final results." The right to recover interest where money is improperly withheld, is, in a Court of Equity, as clear as the right to recover the principal. The accounts therefore, could not be stated between the parties without a computation of the interest, and this was the appropriate duty of the Master.

The objection that the bill is multifarious, is not sustained by the record. If the tract of land said to be purchased from the Indian, Fixit Hadjo was, as is supposed, charged in the bill to have been purchased for the benefit of the complainant and his associates, and that the other two partners, Moore and Du-

25

ren had no interest in it, the bill would certainly be liable to the objection made, as it would be the union in the same bill of two distinct and separate interests, but such is not the fact as shown by the bill itself, as it is expressly charged that the money to purchase this tract of land was furnished to Duren, by complainant, under the agreement to purchase lands for the common benefit of the partnership.

The final decree of the Chancellor confirming the report of the Master and awarding excution for the amount ascertained is sufficiently certain.

It results from these views that the decree of the Chancellor must be reversed and the cause remanded, that the complainant may establish his right to sue in his own name.