McLane & Plowman v. Riddle & Burt.

~~~~~~~~~~~~~~~~

McLANE & PLOWMAN vs. RIDDLE & BURT.

1. When the assignor of a note and his assignee join in a bill, the admissions of the assignor before the commencement of the suit are sufficient evidence of the assignment.—(Overruling Moore et al. v. Hubbard, 4 Ala. 187.)

2. The title of the assignee of a note, in a bill filed jointly with his as-

signor, is sufficiently established by proof that the note was assigned *in liquidation of a debt* due to him from his assignor, although the bill alleges that it was assigned *as collateral security.*

3. When an amendment to a bill is properly allowed, the appellate court will not review the decision of the chancellor in allowing the amendment without terms.

ERROR to the Chancery Court of Talladega. Tried before the Hon. D. G. Ligon.

RICE & MORGAN, for plaintiffs in error:

1. An order for leave to amend a bill by adding a plaintiff will not be granted after replication, or after publication, or after the lapse of a year after a trial and reversal of the decree in the Supreme Court, especially if the plaintiff has been guilty of laches. In this case the plaintiffs knew the matter of the amendment before the original bill was filed, and there is gross laches.—1 Dan. Ch. Pr. 459; Milward v. Oldfield, 4 Price, 325; Pleasants v. Logan, 4 Hen. & M. 489. The leave to amend is granted to Riddle, and it is to make "J. C. & J. T. Burt complainants." This is no authority to make *James* C. and *Joseph* T. Burt complainants.

2. An amendment must not make a new case, nor will it be allowed without a showing.

3. If such an amendment as is allowed in this case can be allowed at all, it must be upon the payment of all the costs up to the time of the amendment, and of the amendment itself.—Jennings v. Springs, 1 Bailey's Eq. R. 181; 1 Dan. Ch. Pr. 457.

4. In every case the plaintiffs must recover upon the strength of their own averments and proofs. The supposed "quibbling" of an answer cannot entitle complainants to relief, in the absence of proof of material averments of the bill.—McKinley v. Irvine, 13 Ala. 695. It is well settled that nothing is admitted by the silence or "quibbling" of an answer, unless it be charged to be in the knowledge of the defendant. And here the alleged "quibbling" is as to matters not pretended to be in the defendant's knowledge.—14 Ala. 754; 8 ib. 772; Thompson v. Carson, 1 Por. 257.

5. Where there are three complainants, the proof must show that all are entitled to recover, or the bill will be dismissed.—Moore v. Moore, 17 Ala. 631. (In this case there is not a shadow of proof of any right or interest in James T. Burt.)

6. It was necessary that the interests of the Burts should be alleged and stated, and how acquired.—Plowman & McLane, 14 Ala. 169. (This is not done, for they do not say who owes the debt, for which they say they hold the note as collateral security.) It was necessary to prove these allegations as made, and to prove their derivative title as asserted.—McKinley v. Irvine, 13 Ala. 695-700.

There is no proof that the Burts acquired the note as collateral security for a debt Riddle owed them—nor is there any proof that Riddle owed them any debt, or that any body owed them a debt.

An admission on information and belief, that a note belongs to A. and B., or to one of them, does not prove that A. and B. acquired it from R. as collateral security for a debt R. owed them. It does not prove the debt, nor the joint interest in A. and B., especially when the source of the information and its contradictory character is pointed out in an amended answer. Such admissions are insufficient, because proof in the alternative—that is, that A. and B. or one of them was owner, would not be sufficient to establish a joint ownership in A. and B. When the witness says the note was owned by A. and B. or one of them, how can a court say A. and B. are the owners? Is it not just as rational on such proof to say that "one of them" is the owner? Such proof is too uncertain for any decree.

WHITE & PARSONS, *contra.*

DARGAN, C. J.—The object of the original bill was to enforce the payment of a note for three hundred dollars, (made by the plaintiffs in error, payable to Riddle,) by a sale of the premises described in the pleadings, upon which Riddle asserted a lien. This bill was filed in the name of Alexander Riddle, for the use of James C. and Joseph T. Burt, but was afterwards amended and the Burts made parties complainants. The amended bill alleges that the note was held by James C. and Joseph Burt as collateral security, to secure a debt due to them from Alexander Riddle, their co-complainant. The answer of McLane to the original bill alleges that Riddle had no interest in the note, but that he had assigned all his interest, legal and equitable, to the Burts, *or to one of them.* This statement was made upon information and belief. In his answer to the amended bill he ad-

mits that one or both of the Burts have an interest in the note, but does not know whether both have or one only, and insists on proof to establish the interest of both.   Mr. Knox was examined by the complainants, who states that before this bill was filed he had a conversation with Riddle, in which Riddle informed him that he had transferred the note to the Burts, in liquidation of a debt he owed them, and that he received the note from one of them for the purpose of bringing a suit at law against the makers.   The chancellor rejected that portion of the evidence of Knox relative to the admissions of Riddle; but believing that the answer of McLane showed an interest in both the Burts, decreed in favor of the complainants.   To revise this decree a writ of error is brought, and the first and most important objection is, that there is no proof that James C. and Joseph T. Burt both have an interest in the note.

I shall not place my opinion upon the admissions of the answer, for if it were admitted that they did not show a joint interest in the Burts, still the complainants were entitled under the pleadings and proof to a decree.   In the case of Anderson v. Ryan, 3 Madd. Ch. R. 174, an assignor and assignee joined in a bill alleging the assignment.   The defendant answered that he had no knowledge of the assignment, but admitted his liability to the assignor.   At the hearing it was objected, that no decree could be rendered, because the assignment was not proved. But it was held, that the filing of the bill in the names of the complainants, alleging the assignment, was an admission as between them of the interest of the assignee, and that this admission was sufficient, inasmuch as the defendant had no interest in it, nor could he in any manner be affected by it.   Now I do not intend to go so far as to hold that the allegations of the bill are evidence of the interest of the Burts.   I think they should be considered as pleading merely.   But I hold that the admissions made by Riddle *before the filing of the original bill,* that he had transferred the note to James and Joseph Burt, are evidence of their interest, and consequently the chancellor should have regarded this portion of the evidence of Knox.   It is true, that one cannot make evidence for himself by his admissions; but when they are made against his interest they are evidence against him, in favor of those who claim in opposition to him. As between Riddle and the Burts, these admissions are evi-

dence, and the rights of the defendants are in no wise affected by them, and consequently they may be received to show that the decree should have been rendered in the joint names of all the complainants.   It is a general rule, with but few exceptions, that the answer of one defendant is not evidence against another. Yet when the right of the complainant as against one defendant is only prevented from being complete, by some question between the plaintiff and the second defendant, the answer of the second defendant may be read as evidence.   Thus, if a mortgage is assigned, and the assignee files a bill against both the mortgagor and the assignor, and the mortgage is proved and the assignor admits the assignment, the complainant will be entitled to a decree, notwithstanding the mortgagor may deny all knowledge of the assignment.—See 2 Dan. Ch. Pr. 982; 3 Hare, 165.   The reason of this is, that the mortgagor has no interest in the assignment, and as the answer of the assignor estops him, the equity of the assignee is complete.   If the answer of the assignor is evidence to prove the assignment, his admissions made before the bill is filed *must be* evidence of the same fact.   I admit that this view is inconsistent with the case of Moore et al. v. Hubbard, 4 Ala. 187, but I am entirely satisfied that the decision in that case cannot be sustained.·  The partners in that case who had sold their interest, were defendants to the bill, and they admitted the transfer by their answer.   This court held this admission not to be evidence of the transfer against the other defendants.   The error of this opinion consists in this, that the answer of the partners who had transferred their interest would bind them, and would always be evidence as between them and the complainant of the transfer, and they never could afterwards successfully assert their interest, for their answer would show that they had none, and when the record itself contains conclusive evidence of the assignment as between the assignor and assignee, the assignment is established, and the defendant against whom the equity exists may safely pay to the assignee.

As the equity against the defendants was clearly established, and the only question was whether Riddle had transferred the note to the Burts, the testimony of Knox proving Riddle's admissions was evidence of that fact.

But it is again insisted that the title of the Burts as alleged is not proved by the admissions of Riddle.   The title alleged is,

that Riddle transferred the note *as collateral security*, and his admissions were that he transferred it *in liquidation* of a debt he owed the Burts. There is nothing in this objection ; *for admitting* that we are to infer from the term liquidation, that the transfer was in absolute payment of the note, still this would prove the title of the Burts to the note. Their title consists in the transfer. When this is proved, their title is proved, and it is immaterial in this suit to enter into an inquiry as to the terms or conditions of the transfer. All that is necessary to be ascertained is the fact of the transfer of the note to the Burts.

It is also contended, that the chancellor erred in allowing the bill to be amended by making the Burts complainants, without imposing terms upon the complainants. We will not say but that the chancellor might have imposed upon them the cost, or some part of it, as a condition upon which the amendment should be allowed. But this is a matter we will not review. The amendment itself was correctly allowed. This being so, we cannot reverse the decree because the amendment was allowed without terms. There is no error in the decree, and it must be affirmed.

CHILTON, J., did not sit in this case.