ANONYMOUS.

[BILL IN EQUITY FOR DIVORCE ON GROUND OF PHYSICAL INCAPACITY.]

1. *Order for examination of defendant's person.*—In a suit for divorce on the ground of physical incapacity on the part of the defendant, an order for the examination of the defendant's person by physicians, like an order fo leave to take additional testimony, is, after publication has passed, a matter of discretion with the chancellor ; and the exercise of that discretion is not revisable on error or appeal.

2. *Issue at law.*—When an issue of fact is formed in a chancery suit, the chancellor may either determine it himself upon the evidence, or direct an issue at law ; and his refusal to direct an issue at law is not revisable on error.

3. *Physical incapacity as ground of divorce.*—A divorce will not be granted to the husband, on the ground that the wife, at the time of the marriage, " was physically and incurably incapacitated from entering into the marriage state," (Code, § 1961,) where three physicians testify, from a professional examination of the defendant's person, that her disease was incurable, and two others testify that, on a subsequent examination by them, she was entirely cured.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. JOHN FOSTER.


THE bill in this case was filed by the appellant, on the 19th November, 1856, to obtain a decree of divorce from his wife, on the ground that she was, at the time of the marriage, physically and incurably incapacitated from entering into the marriage state. The defendant answered the bill, and denied all its allegations, except as to the fact and date of the marriage. After the testimony had been published, the complainant moved the chancellor for an order to compel the defendant to submit her person to an examination by surgeons and physicians, to be ap-

pointed by the court. The chancellor refused to grant the order, and also declined to direct an issue at law to be tried by a jury on the principal question of fact in the case; and, on final hearing, on pleadings and proof, dismissed the complainant's bill. The final decree of the chancellor, and the overruling of the two motions submitted by the complainant, are now assigned as error.

E. A. O'NEAL, for the appellant, cited the following authorities:

1. As to the order for an examination of the defendant's person : Newell v. Newell, 9 Paige, 25 ; Devanbagh v. Devanbagh, 5 Paige, 557; Brown v. Brown, 3 Eng. Eccl. R. 230 ; Rogers' Eccl. Law, 562.

2. As to the award of an issue at law : Kennedy v. Kennedy, 2 Ala. 674; Atwood v. Smith, 11 Ala. 910.

3. On the merits of the case : Bishop on Marriage and Divorce, § § 227–40 ; Shelford, 201; Benton v. Benton, 1 Day, 114 ; Guilford v. Oxford, 9 Conn. 327 ; 2 Kent's Com. 76 ; Rogers' Eccl. Law, 561.

R. W. WALKER, *contra.*—1. The motion for an order, directing the defendant to submit her person to medical inspection, was properly overruled ; because the court had no means of enforcing the order, if made, against a non-resident ; because the motion came too late after publication of the testimony ; and because the defendant had already submitted to an inspection by five physicians, whose testimony was before the court.—Bishop, § 254; 3 Eng. Eccl. R. 229, note (*a* ;) 5 Paige, 554 ; 1 Eng. Eccl. R. 408.

2. There was no error in refusing the application for an issue at law.—2 Ala. 625 ; 11 Ala. 910; 5 Ala. 518; 3 Paige, 453 ; 8 Dana, 207; 8 Vesey, 535 ; 2 Dan. Ch. Pr. 1289.

3. The proof failed to establish incurable impotence or incapacity on the part of the wife. The greatest vigilance should be used in such cases.—5 Paige, 554; 6 Paige, 175 ; Bishop, § § 235, 239, 244; 2 Lee, 580–86 ; 3 Eng. Eccl. R. 229, 308.

STONE, J.—It is urged in support of the chancellor's action, in refusing to direct that the defendant should submit her person to a medical examination, to be conducted under the order of the court, that she (the defendant) was a non-resident—was not subject to the order of the court—and that the order, if made, could have accomplished nothing, unless the defendant had voluntarily submitted to it; in other words, that the court had no power to compel the defendant to comply with such order, she being beyond its jurisdiction. It is not our purpose, in this opinion, to commit ourselves either for or against this proposition. Possibly, in cases like the present, where all imputation of collusion is excluded, the court, as a means of coercing obedience to its orders, might suppress the defendant's testimony, derived from an *ex-parte* examination. We simply state this proposition, however, for the purpose of saying we do not decide it.—See Newell v. Newell, 2 Paige, 25.

In the present case, interrogatories were propounded, at the instance of defendant, to Drs. Hays and Frierson, which were of a character to give notice that the defendant had been the subject of a medical examination, and that in such examination some instrument or instruments had been used. The character of the disease under which it was alleged she was laboring, would naturally indicate the instrument that was probably used. These interrogatories were served on the complainant's solicitor, and were crossed by him. He also, under the rule in such cases, demanded notice of the time and place of the execution of the commission, which was given to him. The testimony was taken; both parties, as we infer from the caption, being present, or represented. All the testimony being returned to the court, it was published by consent. After this, the complainant moved the court for an order requiring the defendant to submit to a professional examination, which motion the court overruled. This decision of the court is assigned as error. Without assigning any other reason for our opinion, it is a sufficient answer to this assignment of error, that after publication has passed, it is a matter of discretion with the chancellor,

whether he will grant to either party leave to take further testimony in the cause ; and that the exercise of this discretion is not revisable in this court.—Rule of Practice, No. 7, 24 Ala. X; 2 Dan. Ch. Prac. 1136–7; Wood v. Weaver, 2 Sumner, 316; Hammersley v. Brown, 2 Johns. Ch. 428; Underhill v. Van Cortlandt, *ib.* 339; Moody v. Payne, 3 Johns. Ch. 294; Cummings v. Gill, 6 Ala. 562; Evans v. Bolling, 5 Ala. 550; Bryant v. Peters, 3 Ala. 170; Wyatt v. Magee, *ib.* 94; Pl. & Mer. Bank v. Walker, 7 Ala. 926; McLane v. Riddle, 19 Ala. 180; Michan v. Wyatt, 21 Ala. 813; Lanier v. Driver, 24 Ala. 149.

[2.] In the trial of the issue joined in this case, the chancellor had the option of sending it to a jury, or of pronouncing upon the evidence himself. His refusal to refer the question to a jury, presents no revisable error. Code, § § 3001–03; Kennedy v. Kennedy, 2 Ala. 571, 626, and authorities; Atwood v. Smith, 11 Ala. 894, 910–11; Alexander v. Alexander, 5 Ala. 517; O'Connor v. Cook, 8 Vesey, 535; 2 Dan. Ch. Prac. 1289.

[3.] Having attained these conclusions, the only remaining inquiry necessary for our consideration is, was the defendant, at the time of her marriage, " physically and incurably incapacitated from entering into the marriage state ?"—Code, § 1961. In announcing our answer to this question, we need not, and do not, question either the skill or the credibility of complainant's witnesses. They did, and could, only give their professional opinion, as experts, on the nature and curability of her disease. No one will pretend that such opinions are infallible guides to one in search of truth. In the present case, it is proved beyond all question, by the witnesses Hays and Frierson, that the complainant's witnesses, Pillow, Kyle and Crittenden, were in error, when they formed the opinion that the defendant's disease was incurable. They testify, in a clear and satisfactory manner, that she had been cured; and that at the time of their examination, which was less than two years after the marriage, she was in perfect health. We need scarcely add, that *the fact* of a cure demonstrates the error of any *opinion* that the disease was incurable.—Devanbagh v. Devanbagh, 5 Paige,

554; S. C., 6 Paige, 175; Bishop on Marriage & Divorce, §§ 228–35; Poynter on M. & D. (3 Law Lib.) 123, *et seq.;* Shelf. on M. & D. (23 Law Lib.) 201, *et seq.;* Rogers' Eccl. Law, 561–2; Brown v. Brown, 1 Hagg. 523, (3 Eccl. Rep. 229;) Briggs v. Morgan, 3 Phill. 325, (1 Eccl. Rep. 408;) Welch v. Welch, 2 Lee, 578, (6 Eng. Eccl. 252;) Bascomb v. Bascomb, 5 Foster, 267; Ferris v. Ferris, 8 Conn. 166.

The decree of the chancellor is affirmed.

R. W. WALKER, J, having been of counsel, does not sit in this case.