## JOHNSON'S ADM'R *vs.* LONGMIRE.

[BILL IN EQUITY BY EXECUTOR TO ENJOIN PROBATE DECREE.]

1. *Jurisdiction of probate court over charitable bequests.*—The probate court has jurisdiction, on the settlement of a testator's estate, to decide whether a bequest to charitable uses, which is vested in the executor as trustee, is or is not valid, and whether it has lapsed.

2. *Payment to sole distributee, of debt due decedent's estate.*—A payment, made in good faith, before administration granted, to the sole distributee of a decedent's estate, there being no outstanding debts against the estate, operates in equity a discharge of the debtor from liability to an administrator subsequently appointed; but such payment, if made after administration granted, is tortious as against the administrator, and neither discharges the debtor from liability, nor constitutes a ground of equitable relief.

3. *Decree* pro confesso *against* cestui que *trust or distributee ; its effect as evidence against trustee or administrator.*—As a general rule, where one person is shown to be a mere trustee for another, a decree *pro confesso* against the latter will dispense with proof against the former; but, in a contest between a debtor and the administrator of a decedent's estate, respecting the fact and validity of an alleged payment to the sole distributee, (the debt in controversy constituting the entire assets of the estate, and the legality of the payment depending on the time when it was made,) a decree *pro confesso* against the distributee is not evidence, as against the administrator, either of the fact of payment, or of the time when it was made.

APPEAL from the Chancery Court at Claiborne.

Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed, on the 4th May, 1859, by Garrett Longmire, against P. M. Dennis, as the administrator *de bonis non* of the estate of Beatrice C. Johnson, deceased, John G. Sims, and William M. Longmire; and sought to enjoin the collection of a decree rendered by the probate court of Monroe, in April, 1859, against the complainant, as one of the executors of the last will and testament of his deceased father, Garrett Longmire, sr., in favor of the said P. M. Dennis, as the administrator of Beatrice C. Johnson, who was a daughter of said Garrett Longmire, sr.

The undisputed facts of the case are these : Garrett Longmire, sr., died in February, 1847, having made and published his last will and testament, which was duly admitted to probate in Monroe county, and of which Garrett Longmire and William M. Longmire, two of his sons, were appointed the executors. The will of said testator, after directing that his debts should be paid, contained a clause in these words : "That two thousand dollars be given out of my estate, one-half to be applied to the distribution of the Bible in the Mississippi valley, subject to the control of the *Domestic Mission Board,* the other to the *Blind Asylum* at Tuskaloosa in this State, if carried into effect, and if not, to that of the State of Kentucky;" and by the third clause he devised and bequeathed all the residue of his property, real and personal, to his six living children and the children of a deceased son, to be equally divided among them.

The executors duly qualified, collected all the debts due the estate, sold all the property, paid all the debts of the testator, and made distribution of the surplus proceeds among the several parties interested ; and in August, 1850, a decree was rendered by said probate court, on final settlement of their accounts, ascertaining the amount due each distributee, and authorizing the executors to retain in their hands two thousand dollars, on account of the charitable bequest above set out. Two or three years after this settlement was made, the distributees came to the conclusion that the charitable bequest was void, or had lapsed, and was subject to distribution as a part of the estate ; and the executors accordingly proceeded to distribute it among the parties in interest. Before this distribution was made, Mrs. Johnson, one of the testator's daughters, had died, leaving an only son, John G. Sims, her sole heir-at-law and distributee. Letters of administration on her estate were granted to Lewis Johnson, in February, 1853; and in March, 1859, (as the bill alleged, and the answer admitted, though the date shown by the transcript appended to the answer is 1855,) letters of administration *de bonis non* were granted to said P. M. Dennis. In April, 1859, on the application of said Dennis, the probate court rendered a de-

cree in his favor, as such administrator, against the present complainant, as one of the testator's executors, for four hundred and thirty-five dollars, being Mrs. Johnson's distributive share of the two thousand dollars which the executors had retained on account of the charitable bequest; and the bill was filed to enjoin the collection of this decree.

The bill alleged, that, at the time this two thousand dollars was distributed by the executors, there was no legal administration on the estate of Mrs. Johnson; that her estate owed no debts; and that her distributive share of the legacy was paid by William M. Longmire, one of the executors, to John G. Sims, who, as her only distributee and heir-at-law, was authorized to receive and receipt for it. The defendant Dennis stated, in his answer, that John G. Sims was not twenty-one years of age at the time of his mother's death; denied all knowledge of the time when the alleged distribution of the fund was made; and insisted that the payment of Mrs. Johnson's share could only have been legally made to her administrator. Decrees *pro confesso* were regularly entered against John G. Sims and William M. Longmire, on publication against them as non-residents.

To prove the payment to Sims, the complainant took the depositions of James M. Longmire, who was his own son, and of Mrs. Sarah J. Longmire, who was the wife of the defendant William M. Longmire. The defendant Dennis objected to the competency of Mrs. Longmire as a witness, and took the depositions of several witnesses for the purpose of impeaching the testimony of J. M. Longmire. On final hearing, on pleadings and proof, the chancellor declined to pass upon the objections to evidence, but rendered a decree for the complainant, perpetually enjoining the collection of the probate decree; holding, on the authority of the case of *Harrison v. Harrison*, (9 Ala. 470,) that the probate court had no jurisdiction to decide that the charitable bequest was void, or that it had lapsed. The chancellor's decree is now assigned as error.

TORREY & LESLIE, for appellant.
DARGAN & TAYLOR, *contra.*

R. W. WALKER, J.—It is obvious that the only questions, which the parties *intended* to raise by the pleadings and evidence, were as to the fact and effect of the alleged payment to Sims. The chancellor, however, without considering these questions, held, that the executors took the charitable bequest of $2,000 as trustees; that the probate court had no jurisdiction to declare these bequests invalid, or lapsed; and, that, for this reason, its decree distributing the fund was void. The case of *Harrison v. Harrison*, (9 Ala. 470,) which is cited in support of this view, does not sustain it. We are satisfied that, in that case, the court intended to go no further upon this subject, than to deny to the probate court jurisdiction to enforce or settle trusts created by will. It seems clear, that the court of probate, in exercising its jurisdiction to administer estates, must have the power of passing upon the validity of the bequests of a will, even though they create, or are coupled with, trusts conferred upon the executors, or on third persons. The authority of the court to do this was not questioned in the case referred to. On the contrary, in that very case, the right of the court to declare the invalidity of a bequest creating a trust, is expressly recognized.—See pages 475, 477–8. Nor do we see any reason to doubt the authority of the probate court to pass upon the validity of a bequest to charitable uses. If such a bequest is invalid, it cannot bar an application for distribution by the next of kin, or the residuary legatee, as the one or the other may be entitled; and the court would be incompetent to make distribution among those entitled, if it has not the power to decide upon the validity of such a bequest when interposed as a bar to distribution.—See *Alston v. Coleman*, 7 Ala. 795; *May v. May*, 28 Ala. 141 (152); *Gould v. Hayes*, 19 Ala. 449; *Carroll v. Brumby*, 13 Ala. 102; *Billingsley v. Harris*, 17 Ala. 214; *Gerald v. Bunkley*, *ib.* 170, 177. It follows, that the mere fact that these were charitable bequests, or so designed, and that the executor was appointed trustee to carry them out, did not impair the authority of the probate court to determine whether they were void, or had lapsed.

2. Sims, to whom the payment is alleged to have been

made, was the sole distributee of Mrs. Johnson, and her estate owed no debts.   Mrs. Johnson died in 1852, and in February, 1853, Lewis Johnson was appointed her administrator.   He died in 1854, and the defendant Dennis was, in March, 1859, (1855?) appointed administrator *de bonis non*.   Where there is a sole distributee, and the estate owes no debts; and, before the administration granted, the property is reduced to possession by the distributee, he will in equity be protected in the possession against the claim of an administrator subsequently appointed.—*Vanderveer v. Alston*, 16 Ala. 494; *Marshall v. Crow*, 29 Ala.; *Spann v. Jennings*, 1 Hill's Ch. 324; *Henson v. Wallace*, 1 Rich. Eq. 22; *Walker v. May*, 1 Bailey's Eq. 58; *Lewis v. Lyons*, 13 Ill. 117; *Maxwell v. Craft*, 32 Miss. 307; *Anderson v. Brunefield, ib.* 107; *Bogart v. Furman*, 10 Paige, 496; *Lacy v. Williams*, 8 Texas, 182.   In like manner, a *bona fide* payment to the sole distributee, of a fund to which such estate is entitled, made before administration granted, would operate in equity a dischage of the party paying from liability to an administrator subsequently appointed. But the authority of the probate court to grant administration, even though there is but one distributee, and the estate owes no debts, cannot be questioned; nor can it be doubted, that when such administration is granted before the property has been reduced to possession by the distributee, the rights of the administrator are, as to the personal estate, exclusive, and he alone can give a valid discharge upon payment of a demand due the intestate.— *Beattie v. Abercrombie*, 18 Ala. 9 ; *Jenkins v. Fryer*, 4 Paige, 51.   Hence, a payment to the sole distributee, while there is a pending administration, is tortious, as against the administrator, and cannot work a discharge of the liability, or constitute a ground of relief in equity.   Whether the rule might be different, in case the payment were made, *bona fide*, under a mistake of fact, not arising from neglect, as to there having been a grant of administration, we need not now inquire.   Neither is it necessary for us to determine whether a court of chancery would require the sole distributee to pay over all money received by him, after administration granted, merely that the administrator may

be paid his costs and commissions. The contest here is between the administrator and the debtor; and certainly it would be contrary to legal principle, as well as productive of much confusion, to allow parties owing an estate to pass by the administrator, whose right to collect is universally known to be exclusive, and make payment direct to the distributee.

3. The only witnesses examined to prove the payment, are J. M. Longmire, and Sarah J. Longmire. Of these two, the former is successfully impeached by the testimony introduced by the defendant; and the latter is incompetent, because her husband (who is a party to the suit) was a co-executor with the complainant, and jointly liable with him on his bond as executor.— *Wilson v. Sheppard*, 28 Ala. 278; 1 Greenl. Ev. §§ 335, 341. But Sims, the sole distributee, is a party to the suit; and a decree *pro confesso* was taken against him, which has the same effect as an answer admitting the allegations of the bill. And it is insisted for the complainant, that as Dennis, the administrator *de bonis non*, is, as to the whole fund in controversy, a mere trustee for Sims, this admission by Sims, the *cestui qui* trust, of the fact of payment, is sufficient proof of it as against Dennis, the trustee. It is true, as a general rule, that where one person is shown to be a mere trustee for another, the decree *pro confesso* against the latter will dispense with proof against the former.—See *Hartley v. Bloodgood*, 16 Ala. 233; *Julian v. Reynolds*, 8 Ala. 683; *Moore v. Hubbard*, 4 Ala. 192; *Johnson v. McGillory*, 1 J. J. Marsh. 321; *Koen v. White*, Meigs, 358. But this principle is not applicable to this case. The alleged payment to Sims, the sole distributee of Mrs. Johnson, if made at all, must have been either before or after the appointment of her administrator; and the answer to the question whether before or after that time, must determine the legality of the payment. The payment, if made, was either entirely right, or entirely wrong; entirely right in such a case as this, if made before administration; entirely wrong, if made afterwards; for it would subvert the whole theory of administrations, if we were to permit a mere stranger to distribute an estate, in usurpation of the functions of the legally ap-

pointed personal representative. If, then, this fund has been paid to Sims, the right of the administrator now to recover it depends upon the time of such payment. It is an important fact in the case, shown by the pleadings, that this fund constitutes the whole unadministered estate of Mrs. Johnson. Hence, if the administrator has the right to receive it, he will not be a mere trustee for Sims, as to the whole amount, for it will be chargeable in his hands with the proper costs of administration. It would be so chargeable, even in the hands of the distributee, if paid to him after administration granted. There is then, in the settlement of the question as to when the alleged payment was made, an antagonism of interest between the administrator and the distributee. A party cannot be allowed by his own evidence to relieve a fund in which he is interested from what another claims to be a legal charge upon it. So, where the question is as to whether, or to what extent, a party claiming a fund is trustee for another, the admission of the *cestui que* trust is not evidence against the trustee, and the facts establishing the existence or the extent of the trust, as the case may be, must be otherwise proved. If it were shown by evidence *aliunde* that the payment to Sims, if made at all, *must have been made before administration*, then the decree *pro confesso* against Sims might be evidence against the administrator, of the *fact* of payment. But there is no such independent testimony, there being, as we have seen, no other evidence on the question of payment, to which we can look. We have, then, the question of an admission by the beneficiary, which, on one hypothesis, is, and on the other is not, evidence against the administrator, with no proof of either hypothesis save the admission itself. In such case, the party asserting the competency of the evidence must fail, because he fails to solve the doubt, the removal of which is a condition precedent to the admissibility of the evidence. It follows, that the decree *pro confesso* against Sims is not evidence against the administrator, of a payment to Sims *before administration granted ;* and consequently, according to the principles above laid down, the complainant has not made out a case for relief.

Reversed and remanded.