(85 South. 274)

**NEWELL et al. v. BUSHARD et al.**
**(6 Div. 942.)**

(Supreme Court of Alabama. Feb. 5, 1920.)

**1. Death ⊜=25—Sole heir may not settle claim after administration and suit brought.**

A sole heir and distributee of a person wrongfully killed, under Code 1907, §§ 2486, 3754, cannot, without the consent of the executor, settle and release the claim as to damages after administration and after suit brought, so as to create thereby an equitable defense to the further prosecution of the action which a court of equity will enforce by a writ of injunction against the personal representative; such a settlement being unauthorized, tortious, and void.

**2. Executors and administrators ⊜=51—Claim for death asset of estate merely for distribution.**

A claim for damages for wrongful death, under Code 1907, §§ 2486, 3754, is an asset of decedent's estate merely for the purpose of collection and distribution.

**3. Death ⊜=91—Defendant entitled to credit for sum paid distributee.**

One liable for wrongful death is entitled to a credit for a sum paid in settlement to a distributee, after suit brought by administrator without the consent of such executor, against his distributive share of any judgment recovered by the executor.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by A. T. Newell and others against J. B. Bushard, as executor, and others, to enjoin the prosecution of an action at law. From a decree for respondents, complainants appeal. Affirmed.

The bill is filed to enjoin an action at law brought by the respondents against the complainants, and is based on the ground that the complainants have settled and discharged the claim there sued on by the payment of $1,000 to Mrs. Mary Bushard, the widow and sole distributee of the estate of Thomas E. Bushard, and that she has executed a full and complete discharge in writing of complainants' liabilities for said claim. The basis of the action at law is the alleged negligent conduct of these complainants, which proximately caused the death of plaintiff's intestate, and the action is filed under section 2486, Code 1907. The deceased was killed in a collision with the motorcar of the complainant in October, 1917, and J. B. Bushard qualified as executor in January, 1918, and filed his action for damages during the following March. In October, 1918, complainants here made said settlement with the widow, Mrs. Mary Bushard. In June, 1919, the complainants filed this bill of complaint and procured the issuance of an injunction against the said executor and his several at-

torneys, who are prosecuting said action at law. Afterwards, on motion of said respondent, the temporary injunction was dissolved for want of equity in the bill, and from that order this appeal is taken. The attorneys for the executor in the lawsuit are made parties respondent to this bill with the allegation that they are asserting their right to a lien on the cause of action sued on, and that unless enjoined from so doing they will intervene and prosecute said suit to judgment for the recovery of an attorney's fee. The bill alleges that the said death of Bushard did not result proximately from the defendant's negligence as charged in the complaint and that there is in fact no cause of action against these complainants. The bill contains a prayer for a general relief, but does not offer to do equity.

Johnston & Cocke and Nesmith & Hunt, all of Birmingham, for appellants.

The validity of the bill was sustained in a similar case. 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225. Under the homicide statute the damages form no part of the estate of the decedent, and hence the executor was without right to recover. 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568; 174 Ala. 213, 56 South. 912. Under the averments of the bill, the attorneys had no valid claim or lien for attorney's fee, which they could assert against complainants. 44 Ala. 611; 5 Pom. Eq. Jur. § 2066 et seq.; 1 Pom. Eq. Jur. § 236 et seq. A failure to offer to do equity is an amendable defect. 130 Ala. 502, 30 South. 517; 116 Ala. 494, 22 South. 863; 157 Ala. 299, 47 South. 701. It was not necessary to offer to do equity here. 182 Ala. 291, 62 South. 692, Ann. Cas. 1915D, 738; 157 Ala. 32, 47 South. 251.

E. Crampton Harris, of Birmingham (B. M. Allen and Hugo L. Black, both of Birmingham, of counsel), for appellees.

This case is ruled by the case of Johnson v. Longmire, 39 Ala. 143. But see, also, 18 Ala. 19; 59 Ala. 272; 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 211; 199 Ala. 463, 74 South. 931; 149 Ala. 515, 43 South. 411; section 2602, Code 1907.

SOMERVILLE, J. The sole question presented by this appeal is: Can a sole heir and distributee, after administration and after suit brought, settle and release the claim as to damages for the wrongful death of the intestate (or testator), without the assent of the personal representative, so as to create thereby an equitable defense to the further prosecution of the action, which a court of equity will enforce by a writ of injunction against the personal representative?

In the case of Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225, it

was held that such a settlement and release, made before administration and suit brought, created a complete equitable defense to the action afterwards brought by the administrator, and injunctive relief was held to have been properly granted. That decision is undoubtedly sound, and is supported by reason as well as by authority. McKeigue v. C. & N. W. Ry. Co., 130 Wis. 543, 110 N. W. 384, and annotations thereto in 11 L. R. A. (N. S.) 148, 10 Ann. Cas. 555, and 118 Am. St. Rep. 1038; 8 R. C. L. 790, § 71. The statement of the question, as noted in the opinion of Mayfield, J., in Kennedy v. Davis, supra, limits the scope of the opinion and the effect of the decision in that case to settlements and releases made by a sole distributee before administration.

[1] In the instant case, the executor of the will of the testator had duly qualified and brought his action; and seven months after suit brought, the testator's widow, who was the sole distributee under our statutes (Code, §§ 2486, 3754), without the assent of the executor, undertook to make a personal settlement with the defendant by which she executed a full satisfaction and release of all damages upon the cause of action sued on.

We are thoroughly satisfied that such a settlement is unauthorized, tortious, and void, and cannot be regarded, either in law or equity, as an impediment to the prosecution by the personal representative of his action at law, and his recovery therein of "such damages as the jury may assess."

The principle to be applied was settled, upon very full consideration, in the early case of Johnson's Adm'r v. Longmire, 39 Ala. 143. It was there said:

"Where there is a sole distributee, and the estate owes no debts, * * * a bona fide payment to the sole distributee, of a fund to which such estate is entitled, *made before administration granted*, would operate in equity a discharge of the party paying from liability to an administrator subsequently appointed. But the authority of the probate court to grant administration, even though there is but one distributee, and the estate owes no debts, cannot be questioned; nor can it be doubted that, when such administration is granted before the property has been reduced to possession by the distributee, the rights of the administrator are, to the personal estate, exclusive, and he alone can give a valid discharge upon payment of a demand due the intestate. * * * Hence, a payment to the sole distributee, while there is a pending administration, is tortious, as against the administrator, and cannot work a discharge of the liability, or constitute a ground of relief in equity. * * * The contest here is between the administrator and the debtor, and certainly it would be contrary to legal principle, as well as productive of much confusion, to allow parties owing an estate to pass by the administrator, *whose right to collect is universally known to be exclusive*, and make payment direct to the distributee. (Italics supplied.)"

And the court very pointedly observed that—

"It would subvert the whole theory of administrations, if we were to permit a mere stranger to distribute an estate, in usurpation of the functions of · the legally appointed * * * representative."

[2] We do not overlook the fact, stressed by counsel for appellants, that, in the case above referred to, the claim paid to the distributee was one due to the decedent in his lifetime; while in the instant case the claim is for damages which were never due the decedent in his lifetime, but are an asset of his estate merely for the purposes of collection and distribution. Kennedy v. Davis, supra; Holt v. Stollenwerck, 174 Ala. 213, 56 South. 912.

That distinction is, however, entirely superficial, and does not go to the root of the principle announced in the case of Johnson's Adm'r v. Longmire, 39 Ala. 143. In that case, the claim paid had belonged to the intestate and descended to his administrator; and, there being no debts to be paid, it was destined to go to the sole distributee. In the instant case, the claim and potential damages, though never vested in the decedent, became by law an asset of the decedent's estate, which was vested exclusively in the executor. S. & N. A. R. R. Co. v. Sullivan, 59 Ala. 272; Holt v. Stollenwerck, 174 Ala. 213, 216, 56 South. 912. In either case, equally, there remained nothing for the personal representative to do therein, except to collect and distribute the fund—subject, of course, to a charge for the costs of administration and collection, if any. The two cases are therefore essentially alike, and the reasons underlying the decision in Johnson's Adm'r v. Longmire are found here in equal force.

In Louisville v. Schneider, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207, it was held that a sole distributee's settlement of a claim for wrongful death with the defendant after suit brought by the administrator was no defense to the suit, and was ineffectual for any purpose. Much of the reasoning of the opinion is persuasive here, but the decision is not strictly in point, inasmuch as it is rested in part upon the fact that a special statute authorizes the personal representative to compromise and settle any claim for damages growing out of the death of a decedent.

We have investigated the authorities on this subject quite thoroughly, and we do not find anywhere either a case or a text which lends any support to appellants' contention in this regard. See 8 R. C. L. 790, § 71; 17 Corp. Jur. 1247, § 98.

The case of White v. Ward, 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568, cited and relied upon by appellants, dealt with the status of the right of action and recovery for the death of a minor child under section

2485 (26) of the Code, and, for the reasons stated in the opinion, is clearly distinguishable from this case, and in no wise opposed to our conclusion herein.

We rest our decision upon the broad grounds asserted in Johnson's Adm'r v. Longmire, 39 Ala. 143; and also upon the language of the statute (section 2486), which authorizes the personal representative to "maintain an action and recover such damages as the jury may assess"—from which it is, we conceive, a necessary implication that none but him can control the prosecution and disposition of the action. Certainly, the power to maintain the action by the personal representative cannot possibly consist with the power residing in another to settle and discharge it without the former's consent. Such a power in the distributee would strip the legal representative of the plenary power and authority conferred upon him by the statute—a result which we think the Legislature could never have intended, and which would not be consonant with the dignity and integrity of administrative and judicial procedure.

We hold that the settlement and release here set up is no bar to the executor's prosecution of his action at law, and is no ground for the equitable relief here sought by the defendants in that proceeding.

[3] That complainants would be entitled to a credit for the sum paid to the distributee, Mrs. Bushard, as against her distributive share of any judgment recovered by the executor, seems sufficiently clear; but that is a question affecting them alone, and not presented in this case.

The decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬦⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes