154 So. 606

## BELL v. NELSON.
### 6 Div. 492.

Court of Appeals of Alabama.
Oct. 31, 1933.

Rehearing Denied Dec. 19, 1933.

L. D. Gray, of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

RICE, Judge.

Appellee's husband was killed in an accident for which appellant and others were alleged to be negligently responsible.

They gave to appellee the note here sued on (with other notes) in settlement and satisfaction of all claims, etc., that "the family" of deceased might have, etc.

In this suit by appellee against appellant and others (all the signers of the said note), verdict and judgment went against appellant and one Short, who does not appeal.

Appellant raises but one question, the right of appellee to recover; his claim being that the note in question was given without any consideration therefor. In other words, he argues that since only the deceased's "personal representative" had a right of action, etc., on account of the death of the deceased (Code 1923, § 5696), the release, etc., signed by appellee upon the occasion of his, etc., delivering to her the note in suit, was a nudum pactum, and afforded no consideration for the execution of said note.

But appellant apparently overlooks the fact that appellee was admittedly one (at least) of the "distributees" of her deceased husband's estate; and that "a distributee who is sui juris [as appellee was shown to be] may compromise and settle his [her] claim [as the claim in the instant affair], and give a release valid in equity [or in law]." Irwin v. Ala. Fuel & Iron Co., 215 Ala. 328, 110 So. 566, 569. Or, stated otherwise, that "one liable for wrongful death is entitled to a credit for a sum paid in settlement to a distributee * * * against his distributive share of any judgment recovered by the executor [or administrator]." Newell et al. v. Bushard et al., 204 Ala. 73, 85 So. 274. And see Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225.

So, in the situation here shown, the release executed by appellee was at least effective to discharge her claim, in appellant's favor, to the extent of the amount paid her, certainly, to her distributive share in the proceeds of any recovery that might have been had by the "personal representative" under the provisions of Code 1923, § 5696. It was therefore some consideration for the execution of the note sued on; and some is all that the law requires.

And the judgment is affirmed.

Affirmed.