# Holt *v.* Stollenwerck.

### *Contest of Settlement of an Estate.*

(Decided Nov. 16, 1911.   56 South. 912.)

*Descent and Distribution; Death Action; Persons Entitled to Share.*—Construing sections 2, 2486 and 3765, and 4486, Code 1907, it is held that where a widow marries pending the determination of an action by the administrator of the first husband for damages for his death, and the widow dies, the second husband, or the husband surviving her is not entitled to share in the proceeds recovered in the death action."

APPEAL from Jefferson Probate Court.
Heard before Hon. SAMUEL E. GREENE.

Contest of settlement of estate in the probate court between T. G. Holt and E. F. Stollenwerck. From a decree denying participation in the estate, the contestant appeals. Affirmed.

BOWMAN, HARSH & BEDDOW, for appellant. Under section 3765, Code 1907, Holt was entitled to half of his wife's estate. As to what is the half of a wife's estate, see.—Sec. 4486, and sec. 2, Code 1907. As to what is property see 32 Cyc. 647, et seq.; 6 L. R. A. 554. This fact is not altered by the fact that the action authorized by section 2486 must be brought by the administrator, as Mrs. Holt had vested rights in the recovery.—*S. & N. A. R. R. Co. v. Sullivan,* 59 Ala. 279.

FRANK S. WHITE & SONS, for appellee. No brief reached the Reporter.

SAYRE, J.—The widow of Charles M. Bryan, pending a suit by his administrator to recover damages for his wrongful death, intermarried with appellant. Afterwards, the suit yet undetermined, the wife died. Still later the administrator had a recovery of substantial damages. Upon a settlement of the estate of Bryan in the court of probate, the damages recovered constituting the entire estate, appellant petitioned the court to be allowed to participate in the distribution; but the court decreed distribution among the three children of Bryan, excluding appellant from any share. Appellant brings that decree here for review.

Appellant claims under section 3765 of the Code, which, so far as pertinent, we quote as follows: "If a married woman having a separate estate die intestate, leaving a husband living, he is entitled to one-half of the personalty of such separate estate absolutely." Sec-

tion 4486 of the Code is in this language: "All property of the wife, held by her previous to the marriage, or to which she may become entitled after the marriage, in any manner, is the separate property of the wife, and is not subject to the liabilities of the husband." Section 2486, under which the recovery was had, provides that: "The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, bust must be distributed according to the statute of distribution." These statutory provisions, read together and in connection with the proposition, broadly stated, that choses in action are property, are considered by appellant sufficient warrant for his claim. The gist of the argument is that Mrs. Holt's interest in the cause of action arising out of the death of her first husband became a part of the property of her estate. Pretermitting any question which might have been made in respect to whether Mrs. Holt's personal representative, rather than her husband, should not have intervened for the assertion of this claim on the settlement of the estate of her first husband, we state our conclusion that the mere right to sue for damages conferred by section 2486 of the Code, is not property, within the meaning of the statutes of distribution.

It is the generally, if not universally, accepted American doctrine that all causes of action arising from torts to real or personal property, by which its value is diminished, as well as choses ex contractu, survive and pass to the executor or administrator as assets in his hand, and are in consequence assignable.—See note to *McCormack v. Toronto Railway Company*, 7 Am. & Eng. Ann. Cas. 500. It is also well settled that, in the absence of statutory provision, rights of action for torts purely personal do not survive, and are not assignable. —*Weller v. Jersey City Railway Company*, 68 N. J. Eq.

659, 61 Atl. 459; Id., 6 Am. & Eng. Ann. Cas. 442. Scores of adjudicated cases might be cited to both these propositions. The right to prosecute an action for the wrongful death of his decedent is vested by the statute creating the right (Code, § 2486) in the personal representative for a definite legislative purpose, to prevent homicide. In prosecuting such action, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy, and upon recovery as a quasi trustee for those who stand in the relation of distributees to the estate strictly so called.—*White v. Ward,* 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568. And the right is vested in the personal representative alone. No one else, under any circumstances except in case of the death of a minor child, where section 2485 gives a preferred right to the father or mother, can maintain the action in any forum. The mere right of action is therefore nonassignable at law and in equity. The right of disposition is inherent in every notion of property. On these considerations of general law, we are of opinion that Mrs. Holt had no property right in the cause of action created by the statute. Her right was personal merely.

Another consideration conduces to the same conclusion. By section 2 of the Code, "personal property" is defined to include "money, goods, chattels, things in action and evidences of debt, deeds and conveyances." In a certain broad sense, "things in action" include demands in tort for injuries strictly personal. In a nar-

rower sense, it includes only assignable rights of action, and this is the sense in which it is generally used.— *Gibson v. Gibson,* 43 Wis. 23, 28 Am. Rep. 527; *People v. Tioga,* 19 Wend. (N. Y.) 73. The words associated with "things in action" in the statutory definition indicate the legislative intention to use the term consonantly with its general use; that is, in its more limited meaning. The context speaks of tangible subjects of property right and evidences of debt. There is also a significant collocation of things in action and evidences of debt. No debt arises out of tort in advance of judgment. Noscitur a sociis.

Our conclusion is that, whatever may have been the case if judgment had been recovered prior to the death of Mrs. Holt, under the facts shown, the probate court correctly adjudged the appellant to be without right in the premises.

Affirmed. All the Justices concur.