(134 So. 799)

**BENSON v. ROBINSON.**

6 Div. 758.

Supreme Court of Alabama.
May 21, 1931.

J. G. Adams, Jr., of Birmingham, for appellant.

J. P. Mudd, of Birmingham, for appellee.

**FOSTER, J.**

The several counts of the complaint are predicated clearly upon the authority of section 5695 of the Code, sometimes called the minor homicide statute, instituted by the father of the deceased minor.

There was a demurrer to the complaint assigning various grounds. It was sustained, and plaintiff then undertook to amend the complaint, so that the suit would be in the name of Coleman Benson as administrator of the estate of the minor instead of Coleman Benson individually. The court sustained objection to the proposed amendment, and based his order on the ground that the amendment constitutes an entire change of parties. On account of the adverse ruling plaintiff took a nonsuit, and prosecutes this appeal. Quoting from appellant's brief, it is said: "There are only two questions of law to be decided by this honorable court in this cause, and they are as follows, first, whether an amendment to a complaint which changes the capacity in which the original plaintiff in the complaint sues works an entire change of parties plaintiff, and, two, whether an amendment to the complaint changing the capacity in which the original plaintiff sues adds new parties plaintiff and whether the statute of limitations operates against the amendment changing the capacity in which the plaintiff sues."

We agree with appellant that this court has expressed the general rule that there is not effected an entire change of parties by an amendment in which the capacity of the plaintiff is changed from an individual claim to one by him as administrator. Randolph v. Hubbert, 190 Ala. 610, 67 So. 416; Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Ferrell v. Ross, 200 Ala. 90, 75 So. 466.

But is the nature of action under section 5695, Code, such as to put the court in error for refusing to allow such an amendment? We have recently had occasion to observe that for the death of a minor child section 5695, Code, provides the only action for damages if at the time of the injury the minor had a parent living. Ex parte Corder, Adm'r (Ala. Sup.) 134 So. 130.[1] This is, of course, when the claim is not based upon the Workmen's Compensation Law. The authority for the statement is the interpretation of section 5695 made in two of the former decisions of this court. T. C. I. Co. v. Herndon, 100 Ala. 451, 14 So. 287; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568. It is pointed out in those cases that when a minor is thus wrongfully killed, and has a parent then living, the claim for damages is wholly for the benefit of such parent, and if they should thereafter die, it is for the benefit of their estate. It is further said that if the suit is by the administrator of the minor, he is acting as a quasi trustee for the parents, under statutory designation. It is only when the minor has no parent living at the time injury is received that the suit by the administrator is controlled by section 5696, Code, for the benefit of the distributees of the deceased minor.

As this suit was instituted by the father, an amendment so as that he shall sue as administrator of the minor makes no effectual change in its status. The statute of limitation and all other issues are the same in either event. The provision of six months referred to in section 5695 is not a limitation on the right of the parent to sue, but a limitation on the preference given the parents over that of the administrator. After six months either the father or the administrator could sue unless it is barred by the statute of limitations, and there would then be no preference in favor of either but a suit by one would be a bar to a suit by the other. The proposed amendment was wholly unnecessary if not in fact improper under such circumstances. The statute does not authorize nor contemplate such a proceeding.

Appellant does not argue the correctness of the judgment on demurrer to the complaint,

---

[1] 222 Ala. 694.

and has limited our inquiry to the questions we have discussed.

We find no error in respect to them.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.