187 So. 195

SMITH et al. v. SOUTHERN RY. CO. et al.

6 Div. 361.

Supreme Court of Alabama.

Feb. 23, 1939.

Frederick V. Wells and Smith, Windham, Jackson & Rives, all of Birmingham, for appellants.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellees.

374

KNIGHT, Justice.

The appellants, plaintiffs in the court below, instituted this suit in the Circuit Court of Jefferson County against the defendants to recover damages for the wrongful death of Loys D. Smith, the husband of the plaintiff Ludie Smith, and father of the minor Alma Smith.

To the single special plea filed in the cause by the defendant, the plaintiffs interposed a demurrer, assigning a number of grounds. The court overruled the demurrer, and the plaintiff thereupon took nonsuit on account of this adverse ruling of the court, with appeal upon the record.

The only assignment of error entered by the appellants upon this record is in the following language: "The trial court erred in overruling the demurrer of the plaintiffs to plea No. (1) of the defendant, Southern Railway Company, as an answer to Count (2) of the complaint as amended."

We are, therefore, only concerned here with the sufficiency of defendants' said plea, as an answer to the second count of the complaint. To fully understand the case made by said count two and defendants' plea thereto, it is necessary that we state the material averments of each of the pleadings.

It appears from the complaint that one of the plaintiffs is the widow of Loys D. Smith, deceased, while the other plaintiff is a minor child of the decedent, and that both plaintiffs were dependents of said decedent; that the decedent, at the time he re-

ceived his fatal injuries, was an employee of Hyman Michaels Company, at Birmingham, Alabama; that the said Hyman Michaels Company and Loys D. Smith were both under and subject to the provisions of the Workmen's Compensation Act of Alabama (Code 1923, § 7534 et seq.); that while engaged in his duties as such employee, the said Loys D. Smith received, in the manner hereinafter mentioned, an injury from which he died on September 30th, 1936; that said injury to said Loys D. Smith was "an accidental injury" within the meaning of the Workmen's Compensation Act of Alabama, and "that said injury arose out of, and in the course of his employment by the said Hyman Michaels Company; that while the said Loys D. Smith was engaged in his work for the said Hyman Michaels Company, and was at a place where he had a right to be in discharging his duties for his said employer, the defendants, Southern Railway Company, and C. A. Eurton, and others, agents or servants of the said railway company, negligently caused or allowed a railroad car to run upon, or against, or over the said Loys D. Smith, and as a proximate consequence of said negligence the said Smith was killed." It further appears from said count 2: That the said Hyman Michaels Company, at the time of the injury and death of its said employee, had in force and effect with the General Accident Fire & Life Assurance Corporation, Limited, a policy of insurance, whereby this insurance company fully insured the Hyman Michaels Company against all liability arising from accidents to, and death of its employees under the Workmen's Compensation Act; that the said insurance policy contained the following provision: "In consideration of the premium charged for this insurance, it is hereby understood and agreed that the corporation (General Accident Fire & Life Assurance Corporation Ltd.) waives its right of subrogation as set forth in condition K of the policy against Southern Railway Co., Alabama Great Southern Railway Co., and Cincinnati, New Orleans & Texas Pacific Railway Co. at Birmingham, Alabama, subject otherwise, however, to all the terms, limits, and the conditions of the policy as written."

Count 2 concluded with the following averment: "The plaintiffs further aver that Hyman Michaels Co. has paid nothing to these plaintiffs as for and behalf of these plaintiffs or to or for the estate of Loys D. Smith, under the compensation law of Alabama, either before the filing of this suit, or at time thereof, or since the filing of the original complaint in this case; and that the only payments made to these plaintiffs under the compensation law of Alabama has been paid by General Accident Fire & Life Assurance Corporation Ltd. since the date of the filing of the original complaint in this cause through an agreement entered into since the date of the filing of the original complaint in this cause."

The material facts presented in the single plea filed by the defendants may be stated as follows: That the deceased Loys D. Smith was an employee of Hyman Michaels Company at the time of his death; that at the time he received his fatal injuries, he was engaged in the performance of his duties under his said employment; that the said employee and the said Hyman Michaels Company were then subject to the provisions of the Alabama Workmen's Compensation Act of Alabama; that the said Southern Railway Company and its said servants were also subject to the Workmen's Compensation Act of Alabama; that since the death of said Loys D. Smith, the plaintiffs had elected to receive compensation from said Hyman Michaels Company and from General Accident Fire & Life Assurance Corporation, Limited, the insurer of said Hyman Michaels Company; that this election was evidenced by a petition and agreement of settlement between the plaintiffs and the said Hyman Michaels Company and the said insurance company filed in, and approved by the court under date of March 9th, 1937, and a judgment based thereon against the Hyman Michaels Company and said insurance company. By this judgment the sum of $220, representing accrued compensation at the rate of $11 per week for 20 weeks, was ordered paid to plaintiffs, and the further sum of $11 per week was ordered to be paid during the dependency, or during 280 weeks thereafter. That the said insurance carrier had paid the sum of $125 on funeral expenses of said deceased, being the full amount due therefor in accordance with the Alabama Workmen's Compensation Act. It was further averred that said suit was not being maintained or prosecuted for the use of either Hyman Michaels Company, the employer, or for the use or benefit of the insurance carrier; that said suit was, in fact, being maintained solely for the use and ben-

efit of the plaintiffs and contrary to the wishes and desires of the Hyman Michaels Company and said insurance carrier.

It is here to be noted that the suit was filed on March 8th, 1937, and that the proceedings were filed by plaintiffs in the court for compensation under the Workmen's Compensation Act of Alabama on the day following, March 9th, 1937, three or four days before service was made upon any of the defendants.

We do not doubt in the least that the dependents of a deceased employee, whose death was brought about under such circumstances as that they, as such dependents, would be entitled to compensation from the employer, are entitled to bring an action, in their own names against a third party, who is also subject to the Workmen's Compensation Act, for the wrongful death of such employee. But, under the Homicide Statute (Code 1923, § 5696), as it existed prior to the adoption of the Workmen's Compensation Act of Alabama, and as it still exists in all cases not falling within the provisions of said Act, the right to maintain a suit for damages for the wrongful death of an adult is alone in the personal representative. No one else in such cases can bring the suit. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann.Cas.1913B, 225; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568; Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87, 91.

The effect of the adoption of Sections 7586 and 7587 of the Code, and of the Act of the Legislature now embodied in said sections of the Code, was to modify the Homicide Statute in cases falling within the provisions of said Sections 7586 and 7587 of the Code. The three statutes, Homicide Statute and Sections 7586 and 7587, should be construed together in a way to give effect to each law.

We deem the question of the right of dependents to bring suit in their own name, when suing for their own benefit, in cases falling within the influence of the Workmen's Compensation Act, was settled by this court in the case of Georgia Casualty Co. v. Haygood, supra, where it was observed: "The homicide statute is not repealed by the Compensation Act but is limited in cases like the one now under consideration to be enforced in behalf of the dependents of the deceased employee, *and in such cases the right of the administrator to pursue the remedies thereunder is withdrawn."* [Italics supplied.]

Inasmuch as the dependents of the deceased employee must look to, and rely upon, the Compensation Act, and in this case to Section 7586 of the Code, to establish their right to maintain an action for damages for the death of the employee, they, in the assertion of this right, conferred wholly by statute, are bound by the terms of the statute conferring the right.

Section 7586 of the Code provides, *inter alia*: "Where an injury or death, for which compensation is payable under article 2 of this chapter, is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party being also subject to the provisions of article 2 of this chapter, the employee in case of injury, or his dependents in case of death, may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under article 2 of this chapter, *but not against both. * * * "* [Italics supplied.]

We have heretofore held that the rights and remedies granted by Alabama Workmen's Compensation Act are exclusive in those cases coming within the influence of that Act. Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787; Georgia Casualty Co. v. Haygood, supra.

The dependents of the employee, under Section 7586, Code, here applicable, may elect to adopt *one* of the two remedies provided by the statute, but they cannot proceed in both ways, that is, they cannot proceed against the employer, and also against the third party. The statute conferring upon the dependents the right to proceed at all limits them to one course of action. This statutory interdiction from proceeding against both the employer and third party necessarily limits the dependents to one recovery. They cannot have compensation against the employer, and also have a judgment and recovery against the third party. Not only does the statute, Section 7586, limit the dependents to one proceeding, but it also limits the amount of recovery, as against the third party, to the amount that such dependents

would be entitled to receive as compensation had they proceeded against the employer under the Workmen's Compensation Act.

The defendants' plea shows that the plaintiffs have recovered judgment against the employer and its insurance carrier for the compensation due them for the death of the said Loys D. Smith, and notwithstanding that fact, they are endeavoring to maintain this suit against the defendants for the wrongful death of said Smith. In short, the plea shows that the plaintiffs are endeavoring to recover for the death of said Smith against both employer and the third party. This, the statute plainly forbids.

The plaintiffs having recovered judgment against the employer and its insurance carrier, and having received the payments thereunder as the same matured and became payable, cannot now maintain or prosecute this suit for their own benefit. Their election to receive compensation from the employer and its insurance carrier estops them from maintaining this suit. Carlson v. Minneapolis Street Ry. Co., 143 Minn. 129, 173 N.W. 405; Code, § 7586.

But it is insisted that the employer has not in fact paid anything to the plaintiffs under said judgment, that all payments have been made by the insurance carrier, and that the insurance carrier has waived its right of subrogation. Granted that this is true, such waiver could not have the effect of investing the plaintiffs with a right of action against the defendants, which the statute, in the plainest language, denied to them. The fact remained that the plaintiffs had received the full measure of recovery allowed them under the statute, and are not entitled to it twice. There is no force in this insistence.

Defendants' plea 1, as an answer to count 2 of the complaint, presented a full defense to plaintiffs' action, as stated in said count, and was not subject to any ground of plaintiffs' demurrer.

It, therefore, follows that the judgment of the circuit court was free from error, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.