9 So.2d 885

## ROBINSON v. WESTERN RY. OF ALABAMA.

### 3 Div. 378.

Supreme Court of Alabama.

June 11, 1942.

Rehearing Denied Oct. 8, 1942.

John Sankey and Ball & Ball, all of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

BROWN, Justice.

This action is by the appellant as the administratrix of the estate of Henry Robinson, deceased, against the appellee Western Railway of Alabama, a corporation, for the wrongful death of said Robinson, deceased, under the Homicide Act, Code of 1940, Title 7, § 123.

The complaint consists of two counts, Count 1–A, added by amendment, in case for negligently causing the death, and Count 2, in trespass charging that "defendant by and through its duly authorized agent willfully and wantonly" caused said death. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

To this complaint the defendant, after demurrer overruled to said counts, filed, among others, plea 6, in words as follows: "It is not liable to the plaintiff, and plaintiff cannot maintain this suit for that at the time and place of the alleged accident, as a proximate result of which plaintiff alleges her intestate received fatal injuries for which she seeks to recover damages against this defendant, plaintiff's intestate was an employee of Alabama Transfer & Warehouse Company, of Montgomery, Alabama, a partnership operating trucks for the delivery of packages and goods in Montgomery, Alabama, and at said time and place, plaintiff's intestate was performing his duties as a driver or helper on one of his employer's trucks, and plaintiff's intestate and his said employer were both subject and amenable to the provisions of the Workmen's Compensation Act of

Alabama. Code 1940, Tit. 26, § 253 et seq. Defendant avers that it is a third party, or party other than the employer of plaintiff's intestate, against whom an alleged legal liability for the death of plaintiff's intestate is asserted in this suit; and defendant avers that under the terms of the Workmen's Compensation Act of Alabama plaintiff is not given the right to sue defendant, but on the contrary, said right is expressly given to others than the plaintiff. Wherefore, defendant says it is not liable to the plaintiff, and plaintiff cannot maintain this suit."

The court overruled the plaintiff's demurrer to said plea, in consequence of which the plaintiff took a voluntary nonsuit, as authorized by the statute, and appealed. Code of 1940, Title 7, § 819; Ex parte Martin et al., 180 Ala. 620, 61 So. 905; Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639.

In Smith et al. v. Southern Ry. Co. et al., 237 Ala. 372, 187 So. 195, 197, the question of the right of the dependents of a deceased workman to maintain an action against a third party causing the death of the workman was considered, and it was there observed:

"We do not doubt in the least that the dependents of a deceased employee, whose death was brought about under such circumstances as that they, as such dependents, would be entitled to compensation from the employer, are entitled to bring an action, in their own names against a third party, who is also subject to the Workmen's Compensation Act [Code 1940, Tit. 26, § 253 et seq.], for the wrongful death of such employee. But, under the Homicide Statute (Code 1923, § 5696 [Code 1940, Tit. 7, § 123]), as it existed prior to the adoption of the Workmen's Compensation Act of Alabama, and as it still exists in all cases not falling within the provisions of said Act, the right to maintain a suit for damages for the wrongful death of an adult is alone in the personal representative. No one else in such cases can bring the suit. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann.Cas.1913B, 225; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A., N.S., 568; Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87, 91.

"The effect of the adoption of Sections 7586 and 7587 of the Code [Code 1940, Tit. 26, §§ 311, 312], and of the Act of the Legislature now embodied in said sections of the Code, was to modify the Homicide Statute in cases falling within the provisions of said Sections 7586 and 7587 of the Code. The three statutes, Homicide Statute and Sections 7586 and 7587, should be construed together in a way to give effect to each law.

"We deem the question of the right of dependents to bring suit in their own name, when suing for their own benefit, in cases falling within the influence of the Workmen's Compensation Act, was settled by this court in the case of Georgia Casualty Co. v. Haygood, supra (210 Ala. 56, 97 So. 87, 91), where it was observed: 'The homicide statute is not repealed by the Compensation Act but is limited in cases like the one now under consideration to be enforced in behalf of the dependents of the deceased employee, *and in such cases the right of the administrator to pursue the remedies thereunder is withdrawn.*' (Italics supplied.)" (Parenthesis ours.)

We reaffirm these pronouncements, but this does not meet the defect in the defendant's plea six. There is an absence of averment in said plea that plaintiff's intestate left surviving him dependents who were entitled to compensation under the Workmen's Compensation Act, and Section 312, Title 26, Code 1940, in the absence of dependents who are entitled to compensation, is not applicable, and the right of the administrator of the decedent's estate, the "agent of legislative appointment," to sue is not supplanted or withdrawn. Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315, 317.

The circuit court erred, therefore, in overruling the demurrer. The nonsuit is, therefore, set aside, the ruling of the circuit court is reversed, and the case is remanded.

Reversed and remanded.

All the Justices concur.