Betty Sue SANDERS et al., Plaintiffs-Cross-Claim Plaintiffs-Appellees,

v.

Ted Lee SHOCKLEY et al., Cross-Claim Defendants-Appellants,

v.

HERTZ EQUIPMENT RENTAL CORP. et al., Defendants-Third-Party Plaintiffs,

F. W. Woolworth Company, Third-Party Defendant.

No. 72-2052
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1972.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Frank L. Bell, Pensacola, Fla., for appellants.

Robert L. Byrd, Jr., Mobile, Ala., John W. Johnson, Jr., Lanett, Ala., for appellees.

Before BELL, DYER and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Roy Gene Sanders, an employee of F. W. Woolworth Company, was electrocuted in the course and scope of his employment while using an allegedly defective piece of rented electrical equipment. Partial death benefits under the Alabama Workmen's Compensation Act [1] totaling 3,000 dollars have been paid thus far by Woolworth's Workmen's Compensation insurance carrier to Sanders' widow, her minor children by a prior marriage and Sanders' natural daughter, who were his dependents under the Act at the time of his death. This appeal requires that we resolve a dispute between Sanders' compensation act dependents and his heirs-at-law as to the proper distribution of the proceeds of a 90,000 dollar settlement of a third-party negligence claim against the company which rented the allegedly defective piece of equipment. The widow contends that substantially all of the settlement proceeds should be distributed to her and her children. The natural children of the deceased oppose this contention and assert that after the Compensation Act carrier has been reimbursed for the 3,000 dollars thus far paid, the remainder of the funds should be paid in accordance with the Alabama statute of distributions as provided by the state's homicide or wrongful death statute.[2] The findings of the trial court, 339 F. Supp. 777, noted agreement with this contention of the heirs-at-law and substantially followed this theory in its order of distribution of the 90,000 dollar fund.[3] We affirm in part and reverse in part.

■ We begin our reasoning by according full deference to the Alabama rule of statutory construction which requires that the Workmen's Compensa-

---

1. See Ala.Code tit. 26, § 253 et seq. (1958 and Supp.1971).

2. A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate. Ala.Code tit. 7, § 123 (1960).

3. The awards were:

| | |
|---|---|
| To the insurance carrier | $ 3,000.00 |
| To the widow for the use and benefit of her children | 3,000.00 |
| To the widow | 26,666.68 |
| To the son of the deceased | 28,666.66 |
| To the daughter of the deceased | 28,666.66. |

We are not told the basis for distribution to the children of the widow and why the heirs-at-law did not each receive one-third of the sum remaining after reimbursement of the carrier—$29,000.00.

tion Act and the wrongful death statute be construed together and harmonized so as to give effect to each law, if possible. *See* Robinson v. Western Ry. of Ala., 243 Ala. 278, 9 So.2d 885 (1942) ; Smith v. Southern Ry. Co., 237 Ala. 372, 187 So. 195 (1939). We cannot hold that the legislature of Alabama intended to effect a partial implied repeal of the wrongful death statute only for those persons killed by the wrongful act of third parties who are covered by Workmen's Compensation. *See* Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87 (1923). If there were a direct conflict between the two acts, the later Compensation Act would control. Smith v. Southern Ry. Co., *supra*. We are of the opinion however that there is no irreconcilable conflict in the application of both statutes to the instant situation. While the compensation statute is designed to provide for the dependents of a deceased working man by affording them the benefits allowed by that statute, it is not intended to govern the distribution of that portion of a recovery from a negligent third party which is in excess of the benefits conferred by virtue of the operation of the Compensation Act. The social and financial policies of the Act are met if the carrier is subrogated to the extent of all required compensation payments, and if the dependents are entitled to recover, either directly or through the carrier, from such third party any difference between the full death compensation benefits and the subrogation recovery. Thus, it is immaterial to any purpose of the Compensation Act that all sums in excess of the amounts specified in the Act are distributed in accordance with the wrongful death statute.

The case of Georgia Casualty Co. v. Haygood, *supra*, does not mandate a different result. In that case the Supreme Court of Alabama never reached the question presented here. In *Georgia Casualty Co.* the recovery from the third party was *less* than the amount to which the carrier was subrogated; hence, there was no excess to be distributed either to the dependents or to those entitled to recover under the wrongful death statute. Nor did the Alabama court reach the issue in American Mutual Liability Ins. Co. v. Louisville & N.R.R. Co., 250 Ala. 354, 34 So.2d 474 (1948). In that case the excess was distributed to the widow as the sole dependent. However, insofar as the reported facts indicate, she may well have been the sole heir at law; in any event, the question here at issue was not mentioned by the Alabama court.

▆ The fact that a right to bring such a third-party action is vested in the dependents by the Compensation Act does not indicate a contrary result. This provision of the Act is no more than an added means of assuring that negligent third parties pay the damages their negligence may occasion, thus reducing the portion of the compensation risk which must be funded by covered employers and carriers. In order to avoid a duplicate action, Alabama has provided that those ordinarily entitled to maintain an action under the wrongful death statute are not entitled to sue on their own behalf in such a situation. However, this ruling only defines those who have the initial right to commence an action. Alabama has never adjudicated that the heirs-at-law are not entitled to recover such amounts as a third party tort feasor may owe in excess of the sums to which the dependents are entitled under the Compensation Act.

The dependents also rely on the language of that portion of the Compensation Act which provides that if the dependents fail to bring a third-party action within the time allowed by law after the employee's death, then the carrier or employer may bring the action.[4]

4. When the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of article 2 of this chapter

Based on the requirement that the recovery (reduced by the amount to which the employer or carrier is entitled by subrogation) must be held in trust for the dependents, the appellant urges this court to reason inductively to the broader principle that any excess recovery is earmarked for the dependents only. This argument, however, ignores the clear purpose of the provision from which the language is taken. That provision is designed to assure the employer or carrier of the right to subrogation for compensation paid in the particular circumstances where the defendants fail to sue the responsible third party. It is not intended to broaden the rights of dependents under the Act or to conflict with rights created under the wrongful death statute. Again it merely evinces the legislature's determination to reduce the total costs of compensation by any amount attributable to third-party negligence. The trust created for the benefit of the dependents does no more than to provide that the dependents have a sure right to recover the full benefits fixed by the Compensation Act. The provision is wholly silent as to the proper disposition of the portion remaining after the dependents' claims have been satisfied.

■ In making the present *Erie* guess as to how the Alabama courts would reconcile these statutes, we lack any authoritative guidance from State precedent. However, we are assisted by the well-reasoned opinion of the district judge and the authorities upon which he

the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter and at the same time may bring an action against such other party to recover damages for such injury or death and the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter. If the injured employee, or in case of his death his dependents, recover damages against such other party the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under article 2 of this chapter there shall be no further liability on the employer to pay compensation on account of such injury or death, and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death. In the event the injured employee, or in case of his death, his dependents, do not file suit against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring suit against such other party for damages on account of such injury or death, in the event the employer or the insurance car-

rier shall have paid compensation to such employee, or his dependents, or in the event a proceeding is pending against the employer to require the payment of such compensation, and such suit may be maintained either in the name of the injured employee, or in case of his death in the name of his dependents, or in the name of the employer or the insurance carrier, and in the event the damages recovered in such suit are in excess of the compensation payable by the employer under article 2 of this chapter and costs, attorneys fees and reasonable expenses incurred by the employer in making such collection, the excess of such amount shall be held in trust for the injured employee, or in case of his death for his dependents. In the event such injured employee has no dependents, his personal representative in the event of his death may bring suit against such other party to recover damages without regard to article 2 of this chapter. In any settlement made under this section with a negligent third-party by the employee, or in case of his death, by his dependents, the employer shall be liable for that part of the attorneys fees incurred in the settlement with the third-party, either with or without suit, in the same proportion that the amount of the reduction in the employers liability to pay compensation bears to the total recovery had from such third-party. Ala.Code tit. 26, § 312 (Supp.1971).

relies.[5] While we give great weight to his view of Alabama law, *see* C. H. Leavell & Co. v. Board of Commissioners of Port of New Orleans, 424 F.2d 764, 766 (5th Cir. 1970), we cannot agree that a recovery by the heirs-at-law may ever diminish the recovery by the statutorily defined class of dependents from a negligent third party of the full amounts specified by the Workmen's Compensation Act to be payable to them. To so hold does not reconcile the two statutes, but on the contrary brings them into needless conflict.

In a case such as the one before us now, where the identity of the heirs and the dependents differ, the Compensation Act is the primary basis of recovery—but only as to the monetary limits and payment conditions specified therein. After the disposition of these amounts has been accomplished, any remainder of a third party recovery is available for distribution to the heirs-at-law as their rights are defined by the statute of distributions.

The recoveries specified by the Compensation Act are subject to a number of variables, such as periods of payment, length of dependency of minors, possibility of death or remarriage of the widow, amount of weekly wages payable to the decedent before his death and the right of the court to apportion benefits. It is impossible under the present state of the record for this Court to indicate anything more specific than the general principles governing the rights of the parties before us. The case must be remanded to the district court for any further proceedings that court may deem necessary or appropriate to determine a final process of distribution.

Such a process may take the form of an order for specific monetary recoveries to each party as was done pre-viously, or the court may require that the future payables to the dependents under the Compensation Act be paid to the carrier to be held in trust by the carrier to meet the installments as they accrue, in the same manner required by the Act in the case of a recovery by such a carrier from a third party. If this latter course is chosen, the widow and the other dependents should be left free to petition the proper Alabama court for *commuted or lump sum payments of* Compensation Act benefits.[6] In the same manner, that court may be petitioned to determine the proper apportionment of benefits between such dependents, if the court does not make an adjudication thereon.[7]

Affirmed in part, reversed in part, and remanded.

5. As the district court noted, the Alabama Workmen's Compensation Act is modeled on the Minnesota Act, *see* Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6 (1949). The result we reach is consonant with the interpretation by the Minnesota Court of that State's Act. *See* Joel v. Peter-Dale Garage, 206 Minn. 580, 289 N.W. 524 (1940).

6. Ala.Code tit. 26, § 299 (Supp.1971).

7. Ala.Code tit. 26, § 283(A) 5 (Supp. 1971).