409 So.2d 822 (1982)
Elizabeth BRAXTON, as Administratrix of the Estate of Cora Lee Braxton
v.
DIXIE ELECTRIC COOPERATIVE, INC., et al.
80-481.
Supreme Court of Alabama.
January 29, 1982.
*823 Jere L. Beasley of Beasley & Wilson, Montgomery, and Lynn W. Jinks, III, Union Springs, for appellant.
Fred D. Gray of Gray, Seay & Langford, Tuskegee, and Randall C. Morgan of Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellee Dixie Elec. Co-op.
Charles B. Paterson of Ball, Ball, Duke & Matthews, Montgomery, and Milton C. Davis, Tuskegee, for appellee Gilmore & Tatge Mfg. Co.
Joe Espy, III of Melton & Espy, Montgomery, for appellee Millers' Mut. Ins. Assoc. of Illinois.
PER CURIAM.
Two issues are presented:
1. Whether a wrongful death action, filed by the only dependent of a deceased employee, who was covered by Workmen's Compensation, survives the death of that dependent.[1]
2. Whether a wrongful death action may be maintained against the employer's Workmen's Compensation carrier.
We hold that the trial court erred in holding that the wrongful death action did not survive the death of the dependent mother, but we agree with the trial court that the wrongful death action was not maintainable against the Workmen's Compensation carrier.
In reaching the conclusion we do, we must construe not only the provisions of the Workmen's Compensation Law, but also the provisions of Alabama's wrongful death statute. The two statutes must be construed together and harmonized so as to give effect to each law, if possible. Robinson v. Western Ry. of Alabama, 243 Ala. 278, 9 So.2d 885 (1942). See also Sanders v. Shockley, 468 F.2d 88 (5th Cir. 1972).
The interplay between the workmen's compensation and wrongful death statutes was succinctly stated in Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275 (1971), where the Court opined:
"No new cause of action was created by [§ 25-5-11]. The wrongful death action was created by [§ 6-5-410]. [§ 25-5-11] only extended the right to bring such action to dependents of a deceased.... Previous to [§ 25-5-11] only the administrator of the deceased's estate could bring a wrongful death action. [§ 6-5-410]. Since the enactment of [§ 25-5-11], ... [i]f the deceased is an employee coming within the provisions of Workmen's Compensation and has dependents, any action for his wrongful death against a negligent third party must be brought by his dependents under [§ 25-5-11]." [Emphasis added.]
The full Court is in agreement that the wrongful death action survived, but the Court is divided on the question of whose personal representative, the employee's or the dependent's, is the proper party.
The cause of the disagreement is based upon a difference of opinion among the Court on the intent of the legislature when a wrongful death action is filed by the dependents of a deceased workman who is *824 covered under the Workmen's Compensation Act.
The facts in this case are undisputed:
1. The deceased employee was covered under Workmen's Compensation.
2. At the time of his death, his only dependent was his mother.
3. His mother filed a wrongful death action under the provisions of § 25-5-11.
4. The mother died while the action was still pending.
We now apply what we consider to be the intent of the legislature and list the reasons why we determine that the wrongful death action survives, and why we determine that the personal representative of the dependent mother is entitled to revive the action and is further entitled to any recovery which may be obtained over and above the amounts paid to her in compensation benefits by the employer.
Code 1975, § 25-5-11(b), provides:
"In the event the injured employee or, in case of his death, his dependents do not file a civil action against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against such other party for damages on account of such injury or death. In the event the employer or the insurance carrier shall have paid compensation to such employee or his dependents, or in the event a proceeding is pending against the employer to require the payment of such compensation, such civil action may be maintained either in the name of the injured employee or, in case of his death, in the name of his dependents, or in the name of the employer or the insurance carrier, and in the event the damages recovered in such civil action are in excess of the compensation payable by the employer under this chapter and costs, attorney's fees and reasonable expenses incurred by the employer in making such collection, the excess of such amount shall be held in trust for the injured employee or, in case of his death, for his dependents. In the event such injured employee has no dependents, his personal representative in the event of his death may bring a civil action against such other party to recover damages without regard to this chapter." (Emphasis added.)
What did the legislature mean when it used the word "dependents" in § 25-5-11: Did the legislature mean dependents at the time of the employee's death, or at some other time? We hold that the legislature meant dependents at the time of the employee's death. Under the provisions of § 25-5-11(a), "dependents" may "proceed against the employer" to recover compensation and at the same time, "may bring an action against such other party to recover damages for such ... death." It is apparent that the legislature intended that the word "dependents" each time the word "dependents" is used in § 25-5-11, meant dependents at the time of the employee's death.
The fact that the legislature has provided in the last sentence of § 25-5-11(b) that "[i]n the event such injured employee has no dependents, his personal representative in the event of his death may bring a civil action against such other party to recover damages without regard to this chapter" (emphasis added), does not change our opinion regarding the time when dependency is determined. Obviously, if there were no dependents of the employee at the time of his death, there would be no compensation benefits or wrongful death damages payable to any dependent, and consequently, there would be no right of subrogation by the employer or the carrier to any recovery obtained in a third-party suit; therefore, the right to sue would logically be in the personal representative of the deceased employee. If there were no dependents of a deceased workman, in the case of a minor employee, the suit would be maintainable as provided in Code 1975, § 6-5-391; in the case of an adult employee, the suit would be maintainable by the personal representative of the deceased employee. Code 1975, § 6-5-410.
*825 The construction we give to the word "dependents" is strengthened by language used by this Court in Daniel Construction Company v. Pierce, 270 Ala. 522, 527, 120 So.2d 381 (1959), wherein this Court referred to "dependents" as persons "surviving [the employee]." There, the Court discussed, at length, the interplay between the Workmen's Compensation Act and the Wrongful Death Act, as it dealt with a minor employee. The Court held:
"The first question presented is whether the suit was properly brought by the father. Appellant's insistence is that it could only have been brought by the son's administrator, in view of § 312, Tit. 26, Code 1940, as amended by Act No. 635, appvd. Oct. 9, 1947, Gen. Acts 1947, p. 484. This section authorizes recovery of damages by an `employee, or his dependents in case of his death', from a party other than the employer, `where the injury or death for which compensation is payable under article 2 of this chapter [which deals with elective compensation under the Workmen's Compensation Law] was caused under circumstances also creating a legal liability for damages on the part' of such third party `whether or not such party be subject to the provisions of article 2 of this chapter.' Act No. 635 also repealed § 311, Tit. 26. In this case, as already noted, the deceased minor son left no dependents surviving him. For this reason, says appellant, only the son's administrator can maintain the suit because of the following provision of § 312, added by the 1947 amendment:
"`In the event such injured employee has no dependents, his personal representative in the event of his death may bring suit against such other party to recover damages without regard to article 2 of this chapter.'
"Our problem is to determine whether the legislature intended, in amending § 312, to take away from the father the right to sue given him under § 119, Tit. 7, Code 1940. It is our view that it was not so intended and that the suit was properly brought by the father.
"In the first place we do not think there is anything in amended § 312 clearly indicating an intention to take away the father's already existing right to sue expressly given by § 119, Tit. 7. As said in Goodman v. Carroll, 205 Ala. 305, 306, 87 So. 368, 369:
"`Among the accepted rules of statutory construction, here as well as generally elsewhere, are these:
"`The presumption is that "the Legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication; * * * that it is in the last degree improbable that the Legislature would overthrow fundamental principles, infringe rights, or depart from the general system of law without expressing its intention with irresistible clearness. * * *'"
"There is still another reason why there can be no objection to the suit being brought by the father. We have held that the damages recoverable under § 119 in a suit brought by the father belong to the father. As said by a full court in Peoples v. Seamon, 249 Ala. 284, 288, 31 So.2d 88, 90:
"`We adhere to the principle stated in our cases that when the death of a minor is wrongfully caused, and he leaves a parent surviving, who is not disqualified under section 118, section 119, and not section 123, supra, has application, and the damages recoverable are solely for the benefit of that parent, who may sue in his own name, or if he becomes administrator may sue as such for his sole benefit.'
"We have also held that there is no real difference between a suit brought by a father individually and one brought by him as his son's administrator. Peoples v. Seamon, supra; Benson v. Robinson, 223 Ala. 85, 86, 134 So. 799. In the Benson case the suit was brought by the father under § 5695, Code 1923, now § 119, Tit. 7. It was there held that the court correctly refused to allow an amendment to show that the father sued as administrator *826 because thereby there was no effectual change in plaintiff's status since, in either event, the recovery was for the sole benefit of the father. See Peoples v. Seamon, supra; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568; Tennessee Coal, Iron and R. Co. v. Herndon, 100 Ala. 451, 14 So. 287.
"Even assuming § 312 requires a suit for the wrongful death of a minor without dependents to be brought by the minor's administrator, still we do not think, under our liberal system of pleading, that the instant suit should be dismissed simply because it was brought by the father in his individual capacity and not as his son's administrator. As already noted, in either event he would be the sole beneficiary of any recovery had under § 119."
It is quite apparent that had the minor in the Daniel Construction Company case had "dependents surviving him" the right to sue would have been in those dependents.
This Court, in Robinson v. Western Ry. of Alabama, 243 Ala. 278, 280, 9 So.2d 885 (1942), discussed the effect of the adoption of § 25-5-11 [formerly Section 7587 of the 1923 Code; Code 1940, T. 26, § 312]:
"In Smith et al. v. Southern Ry. Co. et al., 237 Ala. 372, 187 So. 195, 197, the question of the right of the dependents of a deceased workman to maintain an action against a third party causing the death of the workman was considered, and it was there observed:
"`We do not doubt in the least that the dependents of a deceased employee, whose death was brought about under such circumstances as that they, as such dependents, would be entitled to compensation from the employer, are entitled to bring an action, in their own names against a third party, who is also subject to the Workmen's Compensation Act [Code 1940, Tit. 26, § 253 et seq.], for the wrongful death of such employee. But, under the Homicide Statute (Code 1923, § 5696 [Code 1940, Tit. 7, § 123]), as it existed prior to the adoption of the Workmen's Compensation Act of Alabama, and as it still exists in all cases not falling within the provisions of said Act, the right to maintain a suit for damages for the wrongful death of an adult is alone in the personal representative. No one else in such cases can bring the suit. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann.Cas.1913B, 225; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.,N.S., 568; Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87, 91.
"`The effect of the adoption of Sections 7586 and 7587 of the Code [Code 1940, Tit. 26, §§ 311, 312], and of the Act of the Legislature now embodied in said sections of the Code, was to modify the Homicide Statute in cases falling within the provisions of said Sections 7586 and 7587 of the Code. The three statutes, Homicide Statute and Sections 7586 and 7587, should be construed together in a way to give effect to each law.
"`We deem the question of the right of dependents to bring suit in their own name, when suing for their own benefit, in cases falling within the influence of the Workmen's Compensation Act, was settled by this court in the case of Georgia Casualty Co. v. Haygood, supra (210 Ala. 56, 97 So. 87, 91), where it was observed: "The homicide statute is not repealed by the Compensation Act but is limited in cases like the one now under consideration to be enforced in behalf of the dependents of the deceased employee, and in such cases the right of the administrator to pursue the remedies thereunder is withdrawn." (Italics supplied.)' (Parenthesis ours.)"
In American Mutual Liability Ins. Co. v. L & N. R. R. Co., 250 Ala. 354, 362, 34 So.2d 474 (1948), the Workmen's Compensation carrier claimed its right of subrogation and brought suit under Code 1940, T. 26, § 312. This Court opined:
"Appellant contends that the L. & N. R. R. Co. was engaged in interstate commerce at the time of the accident and accordingly that § 311, Title 26, Code of 1940, has no application. On the contrary appellant claims its right of subrogation *827 and brings this suit under § 312, Title 26, Code of 1940, to recover damages for acts of the defendant in wrongfully and negligently causing the death of Wilmer Warren, including the aggregate amount of compensation payable and which it is obligated to pay as compensation carrier under the Workmen's Compensation Act of Alabama, together with costs of the action and such further sum as the evidence may reveal it is entitled to receive for prosecuting the action, including reasonable attorney's fees of $1,000. It is alleged in substance in the complaint that the plaintiff, as directed by the provisions of the Workmen's Compensation Act of Alabama, namely § 312, Title 26, Code of 1940, will pay over to the widow of decedent, who is his sole dependent, any sum received by it as damages, in excess of the amount paid by it as compensation costs, reasonable expenses and attorney's fees. In result it is claimed that under § 312, Title 26, Code of 1940, the compensation carrier in this case may recover for the benefit of the widow such punitive damages as could be recovered under the Homicide Act. Code 1940, Tit. 7, § 123. This interpretation of § 312, Title 26, Code of 1940, is correct. Robinson v. Western Ry. of Alabama, 243 Ala. 278, 9 So.2d 885; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87."
On this appeal, we decide only that the personal representative of the deceased dependent is entitled to revive the action for wrongful death; we do not decide and neither do we address the question of who is entitled to the proceeds of any recovery which may be received in the action. That question is not presented by this appeal.
Based on the foregoing, we hold that the trial court erred in determining that the action for wrongful death did not survive. In all other respects, the judgment below is affirmed. See Boehlert v. Royal Globe Insurance Co., 397 So.2d 108 (Ala.1981), summarily affirmed on the authority of Slagle v. Parker, 370 So.2d 947 (Ala.1979).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C. J., and MADDOX, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially, with whom FAULKNER, J., concurs.
JONES, Justice (concurring specially):
I concur specially in order to voice my strong disagreement with one aspect of the Court's opinion. Initially, I emphasize that there is, indeed, unanimity on the primary issuewhether the wrongful death cause of action survives the death of a dependent mother. The precedent for our agreement seems solid and irrefutable.
In addition to Baggett's[1] accurate overview of the interplay between the Wrongful Death Act and the Workmen's Compensation Act, the key words are: "[§ 25-5-11] only extended the right to bring [the wrongful death action] to dependents of a deceased...." The third party section of the Workmen's Compensation Act extends, rather than restricts, the Wrongful Death Act. This "extension" merely gives to the dependents the capacity to sue. In keeping with the statutory scheme of this remedial legislation, the third party section permits a dependent to sue for wrongful death without the necessity for an administration of the deceased employee's estate.
An interpretation that a wrongful death action, arising in the context of § 25-5-11, is extinguished, where the only surviving dependent dies before the action is prosecuted to judgment, unduly restricts the right of action for wrongful death and thwarts the legislative purpose to hold accountable tort-feasors whose wrongful conduct results in the taking of human life. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965); Liberty Mutual Insurance Co. v. Lockwood Greene Engineers, Inc., 273 Ala. 403, 140 So.2d 821 (1962); and Breed v. Atlanta B. & C. R. R., 241 Ala. 640, 641, 4 So.2d 315 (1941).
*828 Moreover, this conclusion is mandated by § 25-5-11, which, after giving the dependents of a deceased employee the right to bring an action against a third party, provides in the last sentence of subsection (b):
"In the event such injured employee has no dependents, his personal representative in the event of his death may bring a civil action against such other party to recover damages without regard to this chapter."
The secondary issueIn whom does the action survive?was not raised by either party at trial or on appeal and (on the surface, at least) is relatively insignificant. I agree, however, that this issue needs to be addressed and that the concept on which it turns is an important one. My problem with the Court's resolution of this issue is more than a mere matter of disagreement. I do not understand any portion of the opinion's treatment of this point. While I still have a lot to learn, even in the one area of the law in which I am most experienced, I cannot perceive any relationship between the authorities cited by the Court and the right of revival of the pending wrongful death suit in the name of the personal representative of the deceased dependent. Rather than making a point by point refutation of the Court's opinion on this issue, however, I will state my own views.
I believe that the mother, who had filed a wrongful death action as a dependent, ceased to be a dependent when she died during the pendency of the suit, thereby triggering the operation of the last sentence of § 25-5-11(b) in the same manner as though no dependent had survived the deceased employee.
In my opinion, both the primary issue survival vel nonand the secondary issueIn whom does the action survive?are made clear by the very wording of the survival statute, § 6-5-461:
"[A]ll claims upon which an action has been filed ... survive in favor of ... personal representatives."
It is the right of action (or in the case of a pending suit, as here, the action) for wrongful death, not the personal action of the dependent, that survives. Here, the mother has a statutory right to bring the action only because of her dependency status.[2] While that dependency status survives the employee's death, it does not survive the dependent mother's death. Just as the remarriage of a widow and the attaining of majority by a minor extinguish dependency, so does the death of a dependent. § 25-5-60(1)e.
I find absolutely no authority for a holding that a pending suit, upon the death of a nominal plaintiff, may be revived in the name of the nominal plaintiff's personal representative. Take the case of a pending suit on behalf of a minor by a next friend. Upon the death of the nominal plaintiff, no one would suggest that the action may be revived in the name of the personal representative of the next friend. Likewise, where the personal representative dies during the pendency of a wrongful death action pursuant to § 6-5-410, surely, all would agree that the pending action is not revivable in the name of the personal representative of the deceased nominal plaintiffthe personal representative of the deceased whose death is the basis of the wrongful death suit.
Conversely, however, suppose, during the pendency of a wrongful death action filed by the only qualified parent of a minor pursuant to § 6-5-391, the plaintiff/parent dies. There, because the parent is the real party in interest (the parent owns the cause of action as opposed to the mere right to bring the suit), the action is revivable in the name of the parent's personal representative.
*829 Interestingly enough, if the deceased employee in the instant case had been 18 instead of 19 years of age at the time of his death, the mother, in addition to bringing the suit as a dependent, would have been the real party in interest;[3] and the revival of the suit after her death in the name of her personal representative would have been proper. But this wrongful death suit is governed by § 6-5-410, not by § 6-5-391; and, unless we change the distribution rule of Shockley, the only basis for revival (or survival where the suit is not already pending) is in the personal representative of the deceased employee.
Perhaps the utter fallaciousness of the Court's holding, as well as the significance of an otherwise seemingly minor issue, can be dramatized by changing only one fact in the scenario: Suppose, instead of a dependent mother (who, in all probability, is also an heir), the deceased employee left surviving as his only dependent a stepson (not an heir), who brought a third party wrongful death suit and then died while the suit was pending. Suppose, also, that his dependency status is unquestioned and that the compensation carrier had paid all compensation due at the time of the stepson's death. No one would dispute that under the Shockley rule the deceased employee's heirs at law and not the stepson's heirs at law have the only interests in the third party recovery. Yet, the instant holding places the control of the litigation of the third party wrongful death action beyond that estate whose heirs have the sole interest in the recovery and distribution of any award.
How can the heirs at law of the deceased employee, from either a legal or practical point of view, look to an alien estate for their distributive share of the third party recovery? Do they become mere claimants against the other estate? What about the fiduciary duties of the personal representative of the dependent's estate to the heirs at law of the employee whose wrongful death is the basis of the litigation? Obviously, the instant holding loses sight of the requisite nexus between the prosecution of the wrongful death claim and the interested estate (the deceased's heirs at law) as contemplated by the Wrongful Death Statute (§ 6-5-410). I know of no authority for charging one estate with the collection of another estate's claim under these circumstances.
Ironically, although the opinion explicitly disavows addressing the distribution of proceeds issue, this Court, in my opinion, in effect, has made such a ruling. Undoubtedly, the Court did not intend to create the dilemma posed above; and, if facts similar to those here hypothesized are presented, the Court will have no choice but to overturn the Shockley rule and hold that the Workmen's Compensation Act not only gives the dependent the right to bring a third party suit for the wrongful death of the deceased employee, but also vests in him the sole interest in any proceeds therefrom to the total exclusion of the deceased's heirs at law.
The Shockley rule of distribution and the instant holding, which sanctions the revivability of the action in the name of the deceased dependent's personal representative, cannot co-exist; and, in my opinion, it is the instant holding, and not the Shockley rule, that is misguided. I point to the stepson situation cited above as my Exhibit "A" in support of the Shockley rule. The Shockley rule would allow the stepson to recover to the extent of the death benefits authorized for one dependent pursuant to the Workmen's Compensation Act, while allowing distribution of the balance of any proceeds from the third party recovery to the heirs at law of the deceased employee. The instant holding, in my opinion, mandates a result which pays to the dependent stepson of the deceased employee all of the proceeds of a third party wrongful death recovery.
FAULKNER, J., concurs.
NOTES
[1] The pendency of the action for wrongful death during the dependent's lifetime, except for the mechanics of the revival of the action, is of no consequence. The result would be the same whether or not the only dependent had filed the claim before her death.
[1] Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275 (1971).
[2] Conversely, her right to the proceeds, if any, of the wrongful death action is not altogether contingent upon her dependency relationship with the deceased employee. See Sanders v. Shockley, 468 F.2d 88 (5th Cir. 1972), which holds that the proceeds of any third party wrongful death recovery in excess of death benefits under the Workmen's Compensation Act are distributable to the heirs at law, pursuant to the law of descent and distribution as contemplated by the Wrongful Death Act (§ 6-5-410).
[3] Incidentally, this is the holding, and the only holding of Daniel Construction Co. v. Pierce, 270 Ala. 522, 120 So.2d 381 (1959).