# STATE OF FLORIDA v HOOVER

## Case No. 86-1002

Nineteenth Judicial Circuit, Indian River County

March 19, 1987

### APPEARANCES OF COUNSEL

**State Attorney's Office** for plaintiff.

**James T. Long** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing upon the Defendant's Motion to Suppress Physical Evidence and Statements pursuant to Rule 3.190(h)(i).

The Defendant Hoover was observed by Deputy Sheriff Patrick in his vehicle on Oslo Road and 8th Court at approximately 5:00 P.M. When first observed the defendant was seated behind the wheel and a black male was observed next to the driver's window. The officer made at least two passes and observed the black male walking away from the defendant toward a wooded area. The officer testified, quite candidly, that he did not see anything resembling a drug transaction taking place nor did he recognize the black male as a drug dealer. The officer testified that he saw nothing pass between the parties. The area in question is an exclusively black area and the specific location is frequently used for drug sales. As the officer approached the defendant's vehicle it pulled away, the officer followed and subsequently stopped it. Upon stopping the vehicle, the officer asked the defendant for his driver's license and, in the officer's words, "Where's the rock?" He was placed under arrest and a search of his vehicle revealed marijuana. Questioned at the scene by the officer he admitted purchase of the "rock".

It is axiomatic that these facts reveal an encounter between a law enforcement officer and a private citizen that is non-consenual in nature. Thus, in order to justify the initial encounter or stop the officer must have possessed a "founded suspicion" that criminal activity was taking place, had taken place, or was about to make place." (see generally *Terry v. Ohio*, 392 U.S. 1 (1968) and *G.J.P. v. State*, 409 So.2d 827).

What constitutes "founded suspicion" is, of course, dependent upon the facts and circumstances of each case. The fact that the location in question is a high crime drug location while certainly a factor in the equation of founded suspicion is not in and of itself sufficient to establish a requisite indicia of criminal activity. (See *G.J.P.* at pg. 827) It is equally beyond travail the officer had received no information about then presently transpiring drug sales.

As previously noted the officer did not observe anything resembling, in his professional judgment, a drug transaction. (see *State v. Huntley*, 12 FLW, Glickstein, J.)

In the Court's view, therefore, this case is controlled by *Carter v. State*, 454 So.2d 739 (Fla. 2d DCA 1984) cited approvingly in *Huntley*, noted supra. As in *Kearse*, the officer observed the defendant in a high

drug area but observed nothing more indicative of criminal behavior as was observed and noted in *Huntley*. As indicated previously, in this case, officer Patrick observed no objective conduct consistent with a drug transaction. Therefore, the encounter was not supported by an articulable indicia of criminality.

It follows then that the evidence in question was obtained as a result of the stop and falls within the fruits of poisonous tree as indicated in *Wong Sun v. United States*, 371 U.S. 471 (1963).

Defendant's Motion to Suppress Evidence and Statements is therefore granted.